WOOLLEY *v.* GEORGIA LOAN & TRUST CO., and *vice versa.*

LUMPKIN, P. J. 1. An equitable petition against a sheriff and others, which prays for no relief against the former except that he be enjoined from executing a "dispossessory" warrant which had been sued out against the plaintiff, is not maintainable in the county of the sheriff's residence, upon the theory that such warrant was a pending proceeding therein, nor upon the theory that the sheriff is a party against whom substantial equitable relief is prayed; for while the relief prayed against him may be "substantial," a resort to equity is not necessary to obtain it, the plaintiff's remedy by counter-affidavit being complete.

2. If in such a case there be no other defendant residing in the county, against whom substantial equitable relief is prayed, the superior court of that county is without jurisdiction.

(a) The amendment to the petition in the present case did not pray such relief against the party whose residence in the county was relied on as constituting a sufficient reason for affording the court jurisdiction.

3. A defendant in a petition for injunction may, as cause against the granting of the same, show by way of demurrer that the court has no jurisdiction of the proceeding; and if such demurrer be well founded, it is not erroneous to refuse to allow the plaintiff to support his petition by proof, nor to deny the prayer for injunction.

*Judgment on main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concurring.*

Argued June 26, — Decided August 4, 1897.

Petition for injunction, etc. Before Judge Fite. Bartow county. April 2, 1897.

*J. W. Akin* and *J. M. Neel,* for plaintiff.

*Anderson, Anderson & Grace, Milner & Anderson* and *G. H. Aubrey,* for defendants.