## DADE COAL COMPANY *v.* ANDERSON *et al.*

1. Where the State has actually received the amount due upon an execution issued by the comptroller-general for the hire of convicts and the execution has been assigned to a private citizen, an equitable petition by the defendant in execution to enjoin the assignee from proceeding with a levy of the execution should be brought in the county of the latter's residence and is not maintainable in another county, though the property seized be located therein, and the sheriff thereof, by whom the levy was made, be joined as a party defendant.
2. This case is distinguishable from those of *Wright* v. *Southwestern Railroad Co.*, 64 *Ga.* 783, and *Mayo* v. *Renfroe*, 66 *Ga.* 408.

Argued February 18, — Decided March 25, 1898:

Petition for injunction. Before Judge Fite. Dade county. December 1, 1897.

*Julius L. Brown,* for plaintiff.
*King & Anderson,* for defendants.

LUMPKIN, P. J. Certain executions were issued by the comptroller-general against the Dade Coal Company and others, for money due to the State of Georgia for the hire of convicts. These executions were levied by the sheriff of Dade county upon the property of this company. It filed an equitable petition in the superior court of that county, against the sheriff, and also against Anderson, Lowry, and the Lowry Banking Company, a corporation, which three last-named defendants, the petition alleged, were of Fulton county. It was further alleged in the petition, that though these executions had been in fact satisfied, the same had been transferred and assigned to Anderson and his associates, Lowry and the Lowry Banking

Company, who were unlawfully and inequitably proceeding to have the same enforced against the property of the plaintiff; and accordingly, it was prayed that the sheriff and the other defendants be enjoined from selling the property levied on. The injunction was denied upon the ground that the superior court of Dade county was without jurisdiction, because no substantial relief was prayed against any person who was a resident of that county.

Without passing upon the question whether or not the facts alleged made a case for injunction, we are quite certain that the petition was not filed in the proper court, and that consequently the judgment denying the injunction was right. All petitions for equitable relief must be filed in the county of the residence of at least one defendant against whom substantial relief, i. e., substantial *equitable* relief, is prayed, except where an injunction is sought to stay pending proceedings, in which event the petition may be filed in the county where such proceedings are pending. Civil Code, § 4950. This court, in *Rounsaville* v. *McGinnis*, 93 *Ga.* 579, held that an equitable petition brought against a sheriff and others, to enjoin the former from proceeding with the levy of an execution, was improperly filed in the county of his residence, the other defendants, who were the owners of the execution, not being residents of that county. In that case, it was also held that the execution was not a "pending proceeding" within the meaning of the law embraced in the above-cited section of the code. This decision is precisely in point in the present case, and the ruling there made was followed in the recent case of *Woolley* v. *Ga. Loan & Trust Co.*, 102 *Ga.* 591.

Counsel for the plaintiff in error insisted that the cases just cited were not applicable, for the reason that the executions here sought to be restrained were in favor of the State, and consequently, under the decisions of this court in *Wright* v. *Southwestern Railroad Co.*, 64 *Ga.* 783, and in *Mayo* v. *Renfroe*, 66 *Ga.* 408, the superior court of Dade county had jurisdiction of the present action. The reply is, that the rulings in the cases last cited were placed upon the special ground that as the executions therein dealt with were proceeding in behalf of the

State, the superior courts of the counties of Bibb and Washington, respectively, had jurisdiction. The view was taken that inasmuch as no proceeding of any kind could be instituted against the State, an injunction against its officers could properly be sought in the county wherein the property levied on was situated. The distinction between the cases in 64 *Ga.* and 66 *Ga.*, and that in 93 *Ga.*, was pointed out in the last by the present Chief Justice. In the case at bar, it appears that the State no longer controls or has anything whatever to do with the executions the progress of which the plaintiff seeks to enjoin. Having been settled with in full, the State has not the slightest interest in the present action. The real litigants to be affected by the result are merely private citizens; and the controversy being exclusively between them, the question of jurisdiction is settled by the law laid down in the code, which follows the constitutional paragraph bearing on this subject. Civil Code, § 5871.

There was no error in denying the injunction.

*Judgment affirmed. All concurring, except Cobb, J., absent.*