COKER *et al. v.* MONTGOMERY.

An equitable petition to set-aside a sheriff's sale of land, cancel his deed made in pursuance thereof, and enjoin him from putting the purchaser in possession, must be filed in the county of the grantee's residence.

Argued February 19, — Decided February 28, 1900.

Injunction. Before Judge Littlejohn. Schley county. December 23, 1899.

. *Allen Fort* and *W. F. Clarke,* for plaintiffs in error.
*J. N. Scarborough* and *Shipp & Sheppard,* contra.

LUMPKIN, P. J. Six tracts of land in Schley county, belonging to Seaborn Montgomery, were sold by William Allen, the sheriff of that county, on the first Tuesday in December, 1899, under an execution in favor of A. L. Richardson, a non-resident

of this State. Although these several tracts were not contiguous but were separated from each other by distances ranging from one to eight miles, they were sold all together and bought by F. M. Coker, of Fulton county, at the price of $4,700. Before the sale took place, Montgomery, through his counsel, requested the sheriff not to sell in bulk but to expose each tract for sale separately, strenuously insisting that by pursuing this course a much greater sum for the whole would be realized. The oral demand thus made upon the sheriff was supplemented by a written notice to the same effect, and counsel for Montgomery also notified the crowd in attendance upon the sale that the sheriff had no right to sell in bulk, but that it was his duty under the law to sell each tract separately. After the sale, Coker paid to the sheriff $4,700 and received from the officer a deed to all of the lands. Shortly thereafter, Montgomery filed in the superior court of Schley county an equitable petition against Coker, Richardson, and the sheriff, in which the plaintiff alleged the facts above recited with respect to the manner in which the sale was conducted, and charged that it was so conducted in pursuance of a fraudulent and collusive arrangement between Coker and the sheriff, the purpose of which was to enable Coker to purchase the lands at a price far less than their market value, which, according to the allegations of the petition, was at least double the amount of Coker's bid. The petition further alleged that the sheriff was threatening to put Coker in possession of the lands, and that the plaintiff "was forced to the trouble and expense of employing others to look after this business, and he has been put to great expense in employing attorneys & agents to represent him; & deft. having acted in a stubborn and litigious manner, they are bound to petitioner in reasonable atty.'s fees, which petitioner says is $2,000.00." The prayers of the petition were: "(a) that said Wm. Allen, sheff. aforesaid, be restrained from dispossessing this petitioner or putting said F. M. Coker in possession of said land, or making any deeds or doing any other acts under said sale; (b) that the sale of said land be set aside & declared to be null & void, and that any deeds made under said sale be delivered up & cancelled; (c) that your petitioner have judgment against F. M. Coker and

said Wm. Allen for said damages, amounting to $2,000.00, and petitioner have such other & further relief as the premises require & demand." Richardson and Coker demurred to the petition generally and specially; and Coker and the sheriff each filed an answer, denying the alleged fraud and collusion, and setting up that the sale was in all respects fair and legal.

At the hearing of the application for injunction, it appeared that the sheriff had conveyed the lands to Coker before the petition was filed, but whether or not Coker had been placed in possession of the lands was a matter as to which the evidence was conflicting. The judge granted an order restraining the sheriff and Coker "from interfering with the possession of S. Montgomery (or any tenant or tenants holding under him) of said lands set out and described in the petition, or doing any act under or by virtue of said sale complained of that would interfere with such possession and control." One ground of Coker's demurrer was that he was the only defendant against whom any substantial equitable relief was prayed, and that accordingly the superior court of Schley county had no jurisdiction of the case, so far as it related to him, because he resided in the county of Fulton. In the bill of exceptions the point is distinctly made that the court erred in granting the injunction, because, for the reasons stated in the demurrer, it had no jurisdiction in the case. As we are of the opinion that this point was well taken, there is no occasion for setting out the evidence pro and con which was introduced at the hearing, or for dealing with any other question in the case save that just indicated.

In *Caswell* v. *Bunch,* 77 *Ga.* 504, this court, in view of the constitutional requirement that equity cases must be tried in the county where some defendant resides against whom substantial relief is prayed, held that "Where a bill was filed to set aside certain sheriff's deeds, not in the county of the residence of the grantee therein, but in the county of the residence of the sheriff, it was demurrable for want of jurisdiction." The principle laid down in the case just cited was followed in *Rounsaville* v. *McGinnis,* 93 *Ga.* 579, and was approved in *Dade Coal Co.* v. *Anderson,* 103 *Ga.* 809. In the present case the sheriff was a mere nominal party to the deed; and as he had no personal in-

terest in the question of setting aside the sale, the prayer for the cancellation of his deed can not properly be considered one for any substantial relief against the officer. Neither had the sheriff any personal concern in the question whether Montgomery or Coker was entitled to the possession of the lands pending the litigation. As to this matter, as well as the other just alluded to, the sheriff's relation to the case was simply that of a ministerial officer having no interest on one side or the other, as no right of his could possibly be affected either by the granting or the refusal of the injunction prayed for. Upon this point, the decision rendered in *Dade Coal Co.* v. *Anderson,* supra, is controlling, it having been expressly ruled therein that an equitable petition to enjoin a sheriff and the assignees of an execution from proceeding with a levy thereof must be brought in the county in which the holders of the execution reside, "and is not maintainable in another county, though the property seized be located therein, and the sheriff thereof, by whom the levy was made, be joined as a party defendant."

It is equally clear that Montgomery's petition could not properly be entertained by the superior court of Schley county because of the allegations and prayer thereof relating to the petitioner's claim for damages growing out of the alleged stubborn litigiousness of the defendants. The petition makes no case at all for the recovery of such damages. It does not allege facts showing that even Coker had been stubbornly litigious, much less that the sheriff, a mere nominal party to this proceeding, was in any way answerable for such damages, either upon the idea that he had by his own wrongful conduct hindered and retarded the plaintiff in the prosecution of his legal remedies, or upon the theory that similar conduct on the part of Coker was imputable to the sheriff. Indeed, the plaintiff does not go even to the extent of alleging that after the sale any demand whatever was made upon Coker to voluntarily relinquish his claim to the property as the purchaser at the sale, or that the sheriff was requested not to perfect the sale by making deeds to the purchaser. We may safely say, therefore, that this branch of the plaintiff's case is entirely too frivolous to be treated seriously.

As the action should have been instituted in the county in

which Coker resided, it follows that the superior court of Schley county was without jurisdiction, and the granting of the injunction was necessarily erroneous.

*Judgment reversed. All the Justices concurring.*