### BERNSTEIN *v.* HIGGINBOTHAM.

1. Where one institutes bail-trover proceedings in a county other than that of his residence, such bail-trover proceedings may give jurisdiction of the plaintiff (other proper jurisdictional facts being made to appear) to the court of the county in which such proceedings are instituted, on the ground that the bail-trover case is a "pending proceeding."

2. Under the pleadings and evidence in this case the court did not err in granting the interlocutory injunction.

No. 646. MAY 15, 1918.

Injunction. Before Judge Highsmith. Camden superior court. October 3, 1917.

*S. C. Townsend,* for plaintiff in error.

*Cowart & Vocelle,* contra.

BECK, P. J. Higginbotham, as sheriff of Camden County, on September 6, 1917, seized an automobile that was on a public road in said county, the vehicle being at the time used in conveying a load of whisky, and was in charge at the time of the seizure of one Bernstein, who claimed title to it when it was captured. Three or four days after the seizure of the vehicle in question, Mrs. Bernstein, a resident of Glynn county, instituted bail-trover proceedings to recover it, claiming that she was the owner. Thigpen, the coroner of the county, served a copy of the proceedings on Higginbotham, and demanded possession of the automobile or that he give bond for the same. The foregoing facts are made to appear in an equitable petition for injunction filed by the sheriff to the superior court of Camden County, and are supported by evidence introduced at the hearing. At the hearing an interlocutory injunction was granted, and the plaintiff in the trover proceedings excepted.

1. By demurrer the defendant, Mrs. Bernstein, raised the question of the jurisdiction of the superior court of Camden County. The court overruled her contention upon this point. The court did not err in holding that the point as to the jurisdiction which was raised by demurrer was not well taken. Mrs. Bernstein, the plaintiff in the trover proceedings, had instituted the same in Camden County. It was a pending proceeding in the sense in which that expression is used in § 5527 of the Civil Code. As has been said in more than one case, where one goes into the court of a county other than that of his residence to assert a claim, he must be content to allow that court to determine a counter-claim growing out of the original one, which the defendant sees fit to set up by cross-action or by equitable proceedings seeking relief upon proper grounds of equitable jurisdiction relative to the original proceedings. *Dawson* v. *Equitable Mortgage Co.,* 109 *Ga.* 389 (34 S. E. 668), and cases cited.

2. There was no error in granting the interlocutory injunc-

tion in this case. From the pleadings and the evidence the court was fully authorized to find that the sheriff had seized and taken into custody the automobile; that it was loaded with whisky; and that the sheriff in seizing the whisky and the vehicle was acting in obedience to the plain mandates of the statute passed to supplement the prohibition laws of this State, approved March 28, 1917 (Acts of the General Assembly, Extraordinary Session of 1917, p. 16). When the automobile was so seized it was in custodia legis, and another officer of the county should not have been allowed to take from the custody of the sheriff the property lawfully seized. The act of the legislature to which we have last referred provides a plain statutory remedy to promptly try the question of title where vehicles are seized under circumstances attending the seizure of the one in question. *Chipstead* v. *Porter,* 63 *Ga.* 220.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*