## GLENN et al. v. CAUTHEN et al.

Where the petition in an equity case does not set forth a cause of action against the only defendant residing in the county in which the suit is brought, the court is without jurisdiction to grant the substantial relief prayed against a defendant residing in another county.

No. 2030.    DECEMBER 20, 1920.

Equitable petition. Before Judge Hodges. Oglethorpe superior court. March 25, 1920.

*Phil W. Davis Jr., Thomas E. Scott,* and *Albert Kemper,* for plaintiffs.

*Hamilton McWhorter Jr.,* and *Tutt & Brown,* for defendants.

GEORGE, J. Thomas H. Glenn and Wooten Huff filed an equitable petition in Oglethorpe superior court, against J. A. Beazley of Oglethorpe county, and J. A. Cauthen of Elbert county. The petition alleged in substance, the following: Wooten Huff owned in fee simple a tract of land in Oglethorpe county. In 1899 he borrowed of the defendant Cauthen eighty dollars, and " in order to secure said debt executed to said J. A. Cauthen a deed to said tract of land." No bond for reconveyance was executed by Cauthen to Huff " at the time the said Huff executed the aforesaid warranty deed to the said J. A. Cauthen." Huff, being illiterate and ignorant, did not demand a bond at the time of the execution and delivery of the deed. Huff repaid twenty-five dollars of the money borrowed, and agreed with Cauthen that Cauthen should take charge of the land, rent the same, and apply the rents and profits to the payment of the balance due by Huff. Cauthen took charge of the land under this agreement, rented the land, and has never accounted to Huff for any of the rents and profits, though the rents and profits actually received by him are in excess of the balance due on the loan. In 1907 Cauthen brought suit against Huff in Oglethorpe superior court, and obtained judgment against him, with a special lien on the land. In 1917 Cauthen leased the land or sold the hay thereon to J. A. Beazley. In August, 1917, Huff granted to his coplaintiff, Glenn, the right to cut the hay on the land. Before Glenn could begin cutting the hay, Beazley, who was insolvent, entered upon the land and cut some of the hay. The hay was of the value of fifty dollars. Cauthen, at the time of his lease or sale to Beazley, had neither the right nor title to the land. The plaintiffs prayed

(a) that the defendants be enjoined from cutting the hay on the land, or from in any wise entering upon said premises, or from setting up any right to the premises; (b) that Cauthen be required to surrender the deed executed to him by Huff, and that the same be canceled; (c) that the judgment in favor of Cauthen against Huff (if found to be due) be credited upon the amount due by Cauthen to Huff for rents and profits from the land, and that Cauthen be required to account to Huff for the rents and profits. The defendants demurred upon the grounds: (1) The petition sets forth no cause of action. (2) The petition as to the defendant Beazley is without equity, and shows no sufficient cause for the extraordinary relief prayed. (3) The relief prayed against Beazley is not substantial, but merely incidental to the relief prayed against Cauthen, who is alleged to be a resident of Elbert county. The demurrer was sustained and the petition dismissed. The plaintiff excepted.

Under the allegations of the petition, Cauthen held the legal title to the land in 1917. Beazley was an innocent purchaser. He leased the land for the purpose of cutting the hay, or he purchased the hay from Cauthen. It is not charged that he knew that Cauthen held under a deed to secure a debt or that the debt had been paid. It is expressly alleged that Cauthen was admitted into possession by Huff, with authority to rent the land. No judgment is prayed against Beazley; and it is manifest that the plaintiffs, under the facts of this case, have no right of action against Beazley for the value of the hay. Even if the relief prayed against Beazley is not merely incidental to the substantial relief prayed against Cauthen, the petition fails to allege a cause of action against him. This being true, it is obvious that the superior court of Oglethorpe county had no jurisdiction of the defendant Cauthen, a resident of Elbert county. As to him the case is within the general rule that all equity cases must be "tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540.

*Judgment affirmed. All the Justices concur.*