## HERRINGTON *et al. v.* BRYAN.

No. 7328. NOVEMBER 13, 1929.

*G. C. Bidgood* and *A. C. Corbett,* for plaintiffs in error.

*C. E. Baggett,* contra.

GILBERT, J. Mrs. M. L. Bryan filed in the superior court of Laurens County a petition against W. H. Adams as sheriff of said county, and H. S. Herrington, a resident of Fulton County. She alleged that the sheriff of Laurens County, under an execution for State and County taxes for the year 1927, had levied upon described land; that the land was given in for taxes for the year 1927 as the property of Mrs. W. D. Hobbs, who also gave in for taxes described personal property; that the tax-collector duly issued a tax fi. fa., which was subsequently transferred to H. S. Herrington, who paid the full amount of the tax and caused the same to be entered in the general execution docket in Laurens County; that in September, 1928, Mrs. Hobbs sold to petitioner described land including the land now levied upon, of which petitioner is in possession. She prays that the sheriff and Herrington be enjoined from selling this land, on the ground that the defendants are proceeding to sell the land for taxes and thereby to damage plaintiff, "with full knowledge of the plaintiff's rights in the land, and with full knowledge of the location of the personal property of Mrs. Hobbs subject to said tax fi. fa., after your petitioner had notified him of her rights therein, and after petitioner had demanded the levy upon the property in the possession of the defendant in fi. fa." The notice to Herrington as to the personal property was contained in a letter dated February 9, 1929, addressed to A. P. Herrington & Son, Atlanta, Ga., and signed by Charles E. Baggett, containing the following: "Mr. W. D. Hobbs is now located at Thomaston, Georgia, and all the property has been sold except his household goods, which he carried from near Dexter to Thomaston, Georgia. That these taxes remained unpaid has just come to the knowledge of Mrs. Bryan." A demurrer to the petition was overruled, and the defendants excepted. One ground of the demurrer was "that the superior court of Laurens County is without jurisdiction to entertain said action, but that the superior court of Fulton County only has jurisdiction therein."

"Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution art. 6, sec. 16, par. 3; Civil Code (1910), § 6540. The venue of an equitable petition to enjoin the levy of an execution and the

sale of the land levied upon, where no misconduct on the part of the levying officer is alleged, is in the county of the residence of the plaintiff in fi. fa., if a resident of this State. The levying officer in such case is not a necessary party, and the relief prayed for against him is merely incidental. *Malsby* v. *Studstill*, 127 *Ga.* 726 (56 S. E. 988); *Bank of East Point* v. *Dupre*, 152 *Ga.* 547 (2) (110 S. E. 240). Applying the foregoing principles, the judge erred in overruling the demurrer and in refusing to dismiss the action on the ground that the superior court of Laurens County was without jurisdiction. *Judgment reversed. All the Justices concur.*