PITTMAN CONSTRUCTION COMPANY *v.* HARPER *et al.*

No. 10832. JUNE 13, 1935.

*Dorsey, Shelton & Pharr*, for plaintiff in error.

*J. E. Bennett, Gordon Knox*, and *Newton Gaskins*, contra.

GILBERT, Justice. Mrs. G. L. E. Harper filed an equitable petition in the superior court of Jeff Davis County, seeking to cancel a deed executed to Pittman Construction Company by H. C. McLoon, chief of police of the City of Hazlehurst, conveying certain described realty in the said county. The property was sold under and by virtue of a fi. fa. issued by the City of Hazlehurst against Mrs. Harper, for the purpose of collecting a paving assessment

made against her property. The petition makes parties defendant the City of Hazlehurst, Pittman Construction Company, and H. C. McLoon, and alleges that McLoon is a resident of Jeff Davis County and that Pittman Construction Company is a corporation with its principal office and place of business in the County of Fulton. To this petition Pittman Construction Company filed a demurrer on the ground of lack of jurisdiction, and on other grounds unnecessary to mention, since the jurisdictional point fully disposes of the case. The court overruled the demurrer and Pittman Construction Company excepted.

1. The petition failed to allege that the City of Hazlehurst had any interest whatever in the subject matter of the suit. The chief of police who executed the deed is merely a nominal party, and has no interest whatever in the result of the case. The only defendant having a substantial interest is the Pittman Construction Company. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." Code of 1933, § 3-202. *Coker* v. *Montgomery,* 110 *Ga.* 20 (35 S. E. 273); *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478 (73 S. E. 661); *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635); *Cook* v. *Grimsley,* 175 *Ga.* 138 (165 S. E. 30). The court erred in overruling the demurrer based upon the lack of jurisdiction of the court to try the case.

2. There being no defendant having a substantial interest residing in the county where the case was brought, the court had no jurisdiction to try the case or to pass upon any question made therein.        *Judgment reversed. All the Justices concur.*