INTERSTATE BOND COMPANY *v.* LEE *et al.*

ATKINSON, Justice. At the request of a corporation domiciled in Fulton County, Georgia, the marshal of the City of Macon transferred to that corporation an execution against a taxpayer for taxes due that city, the amount of which was paid by the corporation at the time of the transfer. The payment was made and transfer acquired without the knowledge or consent of the taxpayer or authority from him, and the transfer and execution were entered on the general execution docket of Bibb County. The corporation had no lien upon or interest in any property of the taxpayer to protect, but made the payment as a volunteer. The taxpayer brought suit in the superior court of Bibb County against the City of Macon, the marshal, and the clerk of the superior court (all domiciled in that county), and the corporation whose domicile was in Fulton County, alleging that the transfer was illegal, and seeking to enjoin levy and sale of his property at the instance of the

transferee under the execution, and to cancel the transfer and the execution itself and all record thereof kept by the city, as well as the record in the office of the clerk of the superior court. The exception is to a judgment overruling a demurrer interposed by the non-resident corporation, raising the question of jurisdiction as related to the demurrant. *Held:*

1. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, article 6, section 16, paragraph 3, Code of 1933, §§ 2-4303, 3-202.

(a) "The venue of an equitable petition to enjoin the levy of an execution and the sale of the land levied upon, where no misconduct on the part of the levying officer is alleged, is in the county of the residence of the plaintiff in fi. fa., if a resident of this State. The levying officer in such case is not a necessary party, and the relief prayed for against him is merely incidental." *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555). The foregoing applies also to a prayer for cancellation of a transfer of the execution by the levying officer. Accordingly the marshal was a mere nominal party, whose residence in Bibb County would not draw to the venue the defendant whose domicile was in Fulton County.

(b) The clerk of the superior court would not be materially affected by cancellation of the record of the execution and transfer; and consequently the principle above stated is applicable also to him.

(c) The city, having been paid its tax and having transferred the execution, is not in any sense interested in its enforcement or its fate, and will not be materially affected by enjoining the levy, or cancellation of the transfer, the execution, or the record thereof on the general execution docket. Accordingly it is not a party against whom substantial relief is prayed. *Freeman* v. *Holcombe,* 67 *Ga.* 337; *Dade Coal Co.* v. *Anderson,* 103 *Ga.* 809 (30 S. E. 640); *Caswell* v. *Bunch,* 77 *Ga.* 504; *Coker* v. *Montgomery,* 110 *Ga.* 20 (35 S. E. 273). There is no allegation that the city is attempting for its own use to collect the taxes.

(d) The judge recognized the doctrine stated in division (a) above, but sustained the jurisdiction on the theory of "an illegal transfer of a city tax fi. fa. by the City of Macon," and cited *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993); *Bird* v. *Trapnell,* 147 *Ga.* 50 (5) (92 S. E. 872); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Wynne* v. *Lumpkin,* 35 *Ga.* 208. Those cases are not in point, as they related to facts that materially affected the party involved.

2. Under the allegations of the petition the transferee of the execution domiciled in Fulton County was the only defendant against whom substantial relief was prayed. The judge erred in overruling the demurrer relating to the question of jurisdiction.

*Judgment reversed. All the Justices concur.*

No. 10841. MARCH 26, 1936.

*Cork & Cork* and *Jones, Powers & Williams,* for plaintiff in error. *Ellsworth Hall Jr., E. W. Maynard, Walter T. Johnson, Park & Strozier,* and *Maurice C. Thomas,* contra.