BEHR *et al. v.* CITY OF MACON *et al.*

BELL, Justice. 1. The Code, § 92-7602, declares in part as follows: "Whenever any person, other than the person against whom the same has issued, shall pay any execution issued for State, county, or municipal taxes, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." In *Beavers* v. *Interstate Bond Co.*, 189 Ga. 201 (6 S. E. 2d, 283), it was held that under the foregoing section a third person having no interest in the property, and who would not be entitled to subrogation, may, without the consent of the tax debtor, pay the amount due under the execution against him, and thereupon obtain a valid transfer of such execution. The request in the instant case to review and overrule that decision is denied. See, in this connection, Leigh *v.* Green, 193 U. S. 79 (24 Sup. Ct. 390, 48 L. ed. 623).

2. An injunction should not issue on mere apprehension. The petition filed in 1935, and amended in February, 1939, and in November, 1941, when construed most strongly against the plaintiffs, showed a course of dealing between the city and the Bond Company in reference to sale and transfer of tax executions for the years 1932 to 1937, inclusive, through a named individual as local agent of the bond company, which insisted

on dealing with the city exclusively through such agent, but that this agency was terminated about March, 1938, after which time no successor or other agent had been appointed, and no further sales or transfers had taken place, or were impending. *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867). In the circumstances, even if the petition as finally amended should be construed as showing that the sales and transfers for the years in question (1932-1937), were illegal, in that certain commissions were paid by the city to the company's agent for its use and benefit, with the result that the city did not receive the full amount of the executions, it did not appear with sufficient certainty that such illegal practice would be resumed to warrant the grant of injunctive relief; and thus the petition did not state a cause of action for injunction against alleged illegal sales and payment of commissions. *McCaskill* v. *Bower*, 126 *Ga.* 341 (2) (54 S. E. 942); *Cone* v. *Jones*, 178 *Ga.* 189 (3) (172 S. E. 465); *Howard* v. *Briarcliff Zoological Corporation*, 178 *Ga.* 595 (173 S. E. 391); *Pittard* v. *Summerour*, 181 *Ga.* 349 (182 S. E. 20). Especially is this true, since the charter of the City of Macon provides for biennial election of officers, and it does not appear whether the officers were the same in November, 1941, as at the time of any alleged unlawful sale or transfer. Ga. L. 1927, pp. 1283, 1298, sec. 12.

3. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. Accordingly, as to that part of the petition which was based upon the theory that title to the executions remained in the city because the amounts received therefor were less than face value, and sought to enjoin enforcement of each of such executions and to cancel the transfer, except as to the difference between the amount which the city actually received therefor and that which it should have received as payment in full, the petition as against the city was fatally defective in that it contained no allegation showing payment or tender of such difference, liability for which the plaintiffs admitted. *Mayor &c. of Savannah* v. *Fawcett*, 186 *Ga.* 132 (2) (197 S. E. 253); *Interstate Bond Co.* v. *Cullars*, 189 *Ga.* 283 (3) (5 S. E. 2d, 756). The necessity of alleging such payment or tender was not relieved by the allegations and prayer for an accounting for the purpose of ascertaining the difference, it appearing from the averments that such ascertainment would involve a mere mathematical calculation based on other facts appearing. *Elder* v. *Home Building & Loan Association*, 185 *Ga.* 258 (2) (194 S. E. 745).

4. Even if the petition may have shown that a cause of action existed in the city's favor for recovery of commissions paid to the bond company or its agents, it alleged no such facts or circumstances as would entitle the plaintiffs as citizens to maintain an action in the city's behalf for such recovery. Code, §§ 3-108, 22-711; *Holt* v. *Fayetteville*, 169 *Ga.* 126 (2), 131 (149 S. E. 892); 19 R. C. L. 1167-8, § 441.

(a) The petition in thus seeking affirmative recovery in the city's behalf is distinguished from a suit to enjoin waste or unlawful expenditure by officers. Compare *Aiken* v. *Armistead*, 186 *Ga.* 368 (198 S. E. 237), and cit.

(b) As to this phase, the case also differs from *Richter* v. *Savannah*, 160

*Ga.* 178 (127 S. E. 731), where, on basis of other allegations of fact, it was averred by the citizen and taxpayer that application to the city to sue in its own name to recover the alleged illegal appropriation would be useless.

5. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, art. 6, sec. 16, par. 3 (Code, §§ 2-4303, 3-202).

(*a*) Under the foregoing rulings, the petition did not state a cause of action against the City of Macon; nor did it show ground for equitable relief as against other resident of Bibb County, unless it should be held otherwise as to the city marshal and the clerk of the superior court. As to ,these officers, however, the relief prayed could not be more than "merely incidental" to that which was prayed for as against the city and the bond company, so that they should be treated as mere nominal parties in determining venue. *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555).

(*b*) Under the allegations of the petition, the Bond Company as transferee was the only defendant against whom substantial equitable relief was prayed, in the sense of the foregoing provision of the constitution, and since it appeared that this defendant resided in Fulton County, the superior court of Bibb County did not have jurisdiction. The court properly sustained the general demurrers relating to the merits as to resident defendants, and properly dismissed the action as to the bond company, in response to its demurrer so far as related to the question of jurisdiction. See, in this connection, *Interstate Bond Co.* v. *Lee,* 182 *Ga.* 238 (184 S. E. 866); *Glenn* v. *Cauthen,* 150 *Ga.* 784 (105 S. E. 365).

6. In ruling that the petition as finally amended was defective and subject to demurrer for reasons indicated, no intimation is intended as to whether it may have been subject to other grounds of demurrer, general or special.        *Judgment affirmed. All the Justices concur.*

No. 14085. June 19, 1942. Rehearing denied July 16, 1942.

*Orville A. Park, Orville A. Park Jr.,* and *Walter T. Johnson,* for plaintiffs.

*E. W. Maynard, J. E. Hall Jr., Charles M. Cork,* and *Jones, Jones & Sparks,* for defendants.