CONTINENTAL CARRIERS INC. *et al. v.* REESE *et al.*

CANDLER, Justice. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Code (Ann. Supp.), § 2-4903. Accordingly, in the present equitable action, to vacate and set aside a judgment and execution, and to restrain the parties from proceeding further with the execution and levy, and for general damages against the levying officer, where there was no evidence introduced as to what damage, if any, the plaintiffs had incurred by reason of such levy, and where the evidence demanded a finding that the levying officer was guilty of no misconduct in making the levy, and there being no other grounds for the grant of "substantial relief" against the levying officer, and where the plaintiffs in fi. fa. filed pleas to the jurisdiction alleging themselves to be residents of another county of the State, and the evidence in support of such plea was uncontradicted, the trial court did not err in sustaining such plea to the jurisdiction, and in dismissing the case as to all the defendants. See *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 639 (53 S. E. 193) ; *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555) ; *First National Bank* v. *Holderness,* 189 *Ga.* 819 (7 S. E. 2d, 682).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16050. MARCH 19, 1948.

*Alex M. Hitz,* for plaintiffs.

*Evans & Evans, Ralph H. Pharr, W. S. Northcutt,* and *Durwood T. Pye,* for defendants.