21575. YOUMANS *et al.* v. STEELE *et al.*

748

*Eugene Cook, Attorney-General, G. Hughel Harrison, Assistant Attorney-General, Benjamin L. Johnson,* for plaintiffs in error.

*Joseph Lefkoff, Heyman, Abram, Young, Hicks & Maloof,* contra.

ALMAND, Justice. The exceptions here are to orders overruling a plea to the jurisdiction, several demurrers, and to an order granting an interlocutory injunction.

A petition was filed in DeKalb Superior Court seeking declaratory and injunctive relief, naming as defendants the then members of the State Board of Examiners in Optometry for the State of Georgia, and additionally, Cecil L. Clifton, in his capacity as Joint Secretary, State Examining Boards for the State of Georgia. The jurisdiction in the DeKalb Superior Court was predicated upon the residence of Clifton, the Joint Secretary, in DeKalb County as none of the members of the Board had De-Kalb County as their residence.

The petition attacked Rule (g) of the Code of Ethics of the Optometry Board as being in violation of the Georgia and United States Constitutions, and further attacked an act of the General Assembly of Georgia amending the definition of "Optometry" as being violative of the Georgia and United States Constitutions.

The petition was allowed and a temporary restraining order was issued. Thereafter, the defendants entered a plea to the jurisdiction setting out that no member of the board had as his residence the county of DeKalb; that the defendant Clifton was powerless to act for the board or on their behalf except in performance of his duties, to wit, acting in a secretarial capacity for the benefit of the board as set forth in Ga. L. 1931, pp. 7, 35, 37; Ga. L. 1937, pp. 208, 209 (*Code Ann.* § 84-101); and that no relief was prayed against the defendant Clifton in his individual capacity. After a hearing the plea was denied. Subsequently, the defendants filed their demurrers which, among

other things, attacked the jurisdiction of the court. These demurrers were thereafter overruled. To the orders overruling the plea to the jurisdiction, the demurrers and the grant of an interlocutory injunction, the defendants except.

■ Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903), of the Constitution of Georgia provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Therefore, the issue made by the defendants' plea to the jurisdiction and demurrer was whether the petition prayed for substantial relief against the defendant, Clifton, the Joint Secretary of the State Examining Boards. Upon an examination of the petition, it is clear that the only relief sought against Clifton was in his official capacity as Joint Secretary of the State Examining Boards. The Joint Secretary is not a member of this board and serves it only as an agent. He is to carry out the directions of the board and is not authorized to act in any official capacity on his own initiative without the approval or directions of the board. The Joint Secretary serves some eighteen State Examining Boards as secretarial assistance, and has no voice, can initiate no action, make no determination, or in any manner act, other than as provided by statute or as directed by the Secretary of State, except at the direction and under the authorization of one of the boards. *Code Ann.* § 84-101.

It is apparent that the Joint Secretary's only relationship to the controversy set out in the petition is simply as agent of the board. The substantial controversy exists solely between the plaintiffs and the State Board of Examiners in Optometry for the State of Georgia composed of the named defendants as members of the board. It follows that, since the only substantial relief sought is against the nonresident defendants, and that the sole resident defendant individually has no connection with the alleged cause of action, and no act or claim by him is involved except as agent of the other defendants, the suit is subject to dismissal for want of jurisdiction. *Grace v. Interstate Bond Co.*, 193 Ga. 810 (1) (20 SE2d 131). It was error to have overruled the defendants' demurrer which raised the question of jurisdiction and the plea to the jurisdiction.

■ It is the duty of the court to first decide the question of jurisdiction as made by the demurrer, and since the judgment is reversed on that ground, the. other rulings on the defendants' demurrers and the order granting interlocutory relief were nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 12, 1962—DECIDED APRIL 5, 1962.