21598. OXFORD, Commissioner v. SANDERS, Sheriff, *et al.*

ARGUED APRIL 9, 1962—DECIDED MAY 7, 1962.

*Eugene Cook, Attorney-General, William L. Harper, Assistant Attorney-General,* for plaintiff in error.

*Hicks & Howard,* contra.

MOBLEY, Justice. ■ "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." *Code Ann.* § 2-4903. Where an equitable petition does not pray for substantial relief against any defendant residing in the county where the suit is brought, the court is without jurisdiction, and if the same appears on the face of the petition, the suit is subject to dismissal on general demurrer based on this jurisdictional ground. *First National Bank of Atlanta v. Holderness,* 189 Ga. 819 (2) (7 SE2d 682); *Harper v. Gunby,* 215 Ga. 466, 469 (2) (111 SE2d 85). The venue of an equitable petition to enjoin the levy of an execution and the sale of the property levied on, where no misconduct on the part of the levying officer is alleged, is in the county of the residence of the plaintiff in fi. fa., if a resident in this State, the levying officer in such a case not being a party against whom substantial relief is prayed. *Herrington v. Bryan,* 169 Ga. 382 (150 SE 555); *Interstate Bond Co. v. Lee,* 182 Ga. 238 (1a) (184 SE 866); see also *Continental Carriers, Inc. v. Reese,* 203 Ga. 433 (46 SE2d 927).

Under the Constitution (*Code Ann.* § 2-4903), and the decisions of this court, the question is presented for decision whether or not the petition contains sufficient allegations that the sheriff was guilty of misconduct in levying upon property which had been seized and stored by the State Revenue Commissioner pursuant to *Code Ann.* § 68-214, which provides: "Any automobile operated in the State of Georgia . . . that does not have attached to the rear thereof a tag showing the payment of license for said year . . . shall be stored at the

owner's risk and expense by any law enforcing officer of the State of Georgia. . ."

In paragraph 10 of his petition, plaintiff alleged that "defendant's levy of said motor vehicle is void and the defendant is, and was, without authority or right to levy the foreclosure on such vehicle because the same was in the custody of petitioner in his official capacity as Revenue Commissioner." Plaintiff contends that his seizure of the vehicle pursuant to *Code Ann.* § 68-214 placed the vehicle in custodia legis; that the sheriff had no authority to levy on property already in custody of the law; that the sheriff was guilty of misconduct in so levying, and that therefore the petition prays for substantial relief against the sheriff, and venue was properly laid in Cobb County.

In *Bernstein v. Higginbotham*, 148 Ga. 110 (96 SE 1), it was held that a vehicle seized and taken into custody by a sheriff pursuant to the liquor laws of this State was in custodia legis, and that therefore the sheriff was entitled to an injunction to stop trover proceedings brought by the owner against the sheriff. The principle stated in that case is equally applicable to the case at bar, and therefore we hold that the seizure by the State Revenue Commissioner pursuant to *Code Ann.* § 68-214 placed the vehicle in custody of the law. In *Camp v. Williams Bros.*, 119 Ga. 152 (46 SE 66), it was held that a sheriff had no right or authority to levy a mortgage execution upon property which, by reason of a constable's levy, was already in custody of the law. Since in the instant case the vehicle was in custody of the law by virtue of the seizure by the Revenue Commissioner, the sheriff was without right or authority to levy upon it and was guilty of misconduct in so levying. Therefore the petition prays for substantial relief against the sheriff and venue was properly laid in Cobb County.

■ The vehicle being in custody of the law while held by the Revenue Commissioner, pursuant to *Code Ann.* § 68-214, the levy of execution by the sheriff was void and no valid sale could be made pursuant thereto. *Fulghum v. Williams Co.*, 114 Ga. 643 (40 SE 695, 1 LRA (NS) 1055, 88 ASR 48). Therefore, the Revenue Commissioner's petition stated a cause of action for an injunction to prevent the sheriff from making any sale

under the levy. *Bernstein v. Higginbotham*, 148 Ga. 110, supra, and the trial court erred in sustaining the general demurrer of the sheriff and dismissing the plaintiff's petition as to him.

3. Since the petition seeks no relief against the Yellow Manufacturing Acceptance Corporation it sets forth no cause of action against that defendant. *Copeland v. Cheney*, 116 Ga. 685 (43 SE 59). Therefore the trial court did not err in sustaining that defendant's general demurrer and dismissing the petition as to it.

*Judgment reversed in part and affirmed in part. All the Justices concur.*