22481. LARSEN v. GUNBY, Ordinary, et al.

MOBLEY, Justice. Joan Larsen filed suit in the Superior Court of Fulton County naming as defendants William Washington Larsen, Jr., Jewel H. Larsen, and Eugene Gunby, Ordinary, and seeking to set aside a judgment of the Court of Ordinary of Fulton County for having been procured through fraud.

The petition, as amended, alleged that William Washington Larsen, Jr., his wife, Jewel H. Larsen, and Eugene Gunby, Judge of the Court of Ordinary of Fulton County, were guilty of fraud in proceedings to determine the sanity of Joan Larsen and have her sent to the State Hospital in Augusta. Said petition prayed that process issue; that defendants be served; that William Washington Larsen, Jr., and Jewel H. Larsen be restrained from coming around the premises of Joan Larsen and from calling, threatening, molesting, or harming her in any manner whatsoever; and that the judgment rendered against Joan Larsen in the Court of Ordinary of Fulton County be set aside for having been procured through fraud.

Eugene Gunby filed his general demurrer to the petition and moved in ground 4 thereof that he be stricken as a party defendant, "On the ground that no relief is prayed against this defendant and the court is without jurisdiction to grant relief against this defendant in this proceeding." The trial court sustained ground 4 of said general demurrer and ordered that he be stricken and eliminated as a party defendant. The exception is to that judgment. *Held:*

Plaintiff in error seeks no relief whatever against the defendant, Eugene Gunby, but seeks only a restraining order against members of her family and an order setting aside the judgment obtained in the Court of Ordinary of Fulton County by her brother and his wife, also defendants in this case. The question is whether the judge rendering that judgment is a necessary or proper party defendant.

We are of the opinion that since the petition, as amended, seeks no relief whatsoever against Eugene Gunby, it sets forth no cause of action against this defendant. *Oxford v. Sanders,* 217 Ga. 820 (3) (125 SE2d 483); *Copeland v. Cheney,* 116 Ga. 685 (43 SE 59). Neither is the defendant, Eugene Gunby, an interested party within the meaning of *Code* § 37-1004, which provides: "Generally all persons interested in the litigation should be parties to proceedings for equitable relief." Since the petition prays for no relief against said defendant, it not only shows on its face that there is no cause of action against him, but it also shows that he is not an interested party within the above-cited Code section because the outcome of the suit would be completely ineffectual as to any right or interest of this defendant.

Accordingly, the trial court did not err in sustaining this defend-

ant's general demurrer and striking him as a party defendant.
*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 11, 1964—DECIDED JUNE 1, 1964.

*Joan Larsen,* for plaintiff in error.
*Northcutt & Edwards, W. S. Northcutt,* contra.