### 26336. CHAMBLEE CONSTRUCTION COMPANY, INC. v. PICKETT et al.

Argued February 10, 1971—Decided March 18, 1971.

*Alex McLennan, Scott Hogg,* for appellant.
*Glenville Haldi, Edward S. Sams,* for appellees.
Mobley, Presiding Justice. Roscoe Pickett, Ralph E. Marler, and

Leon Paine, Jr., (appellees) brought an equitable action in Cobb Superior Court against Chamblee Construction Co., Inc., (appellant) and Henry L. Williams, Clerk of the Civil Court of Cobb County. Appellant had previously brought an action in Fulton Superior Court against appellees to enforce a balance alleged to be due on a construction contract, and to foreclose a lien filed in Cobb County for labor and materials furnished under the contract, and in aid of this action had caused garnishments to issue from the Civil Court of Cobb County. In the equitable action in Cobb County appellees prayed for temporary and permanent injunction restraining appellant from issuing any more garnishments in aid of the action pending in Fulton County, and prayed that all money held in the Civil Court of Cobb County under process of garnishment be released and the garnishment be dissolved, and that the funds paid be returned to appellees.

Appellant moved to dismiss the complaint on the ground that it was a Georgia corporation, resident in Fulton County, and that Cobb Superior Court had no jurisdiction of the equitable action against it, asserting that the only party resident in Cobb County, the Clerk of the Civil Court, was only a nominal party against whom no substantial relief was prayed. The motion to dismiss the complaint for lack of jurisdiction was denied, and temporary injunction was granted. The appeal is from this judgment.

The enumeration of errors raises two issues, whether the action could be maintained in Cobb Superior Court, and whether there was any basis for equitable relief.

"Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903). "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." *Code Ann.* § 3-202.

A party bringing an action in a county other than that of his residence submits himself, to the extent of such suit, to the equity

jurisdiction of the county wherein the suit is brought. But this waiver of jurisdiction extends only to matters included in the pending litigation, and ordinarily a person not a party to that action can not take advantage of such waiver. *Stone v. King-Hodgson Co.,* 140 Ga. 487 (79 SE 122); *Willie v. Willie,* 154 Ga. 688, 691 (115 SE 257).

The garnishment proceeding in Cobb County, while ancillary to the action between appellant and appellees in Fulton County, was a distinct cause of action against other parties. *Dent v. Dent,* 118 Ga. 853 (1) (45 SE 680). The plaintiffs who brought the equitable action in Cobb County (appellees) were not parties to the garnishment proceeding in Cobb County.

The equitable complaint in Cobb County did not seek to enjoin the garnishment proceeding pending in Cobb County, but sought to enjoin the issuance of future garnishments in aid of the action pending in Fulton Superior Court. It also sought the dissolution of the garnishments issuing from Fulton Superior Court, which was not a matter in issue between appellant and the garnishees in Cobb County. None of the relief prayed concerned issues between appellant and the garnishees in Cobb County. The equitable complaint was not such an injunctive action against "pending proceedings" (*Code Ann.* § 3-202) as would give jurisdiction of appellant, a resident of Fulton County, to Cobb Superior Court. *Bennett v. Blackshear Mfg. Co.,* 183 Ga. 240 (187 SE 865).

The naming of the Clerk of the Civil Court of Cobb County as a party defendant to the equitable complaint could not give jurisdiction to Cobb Superior Court. The only relief prayed against the clerk was that he be restrained and enjoined from issuing any summons or process of garnishment on any claim growing out of the action in Fulton County. This relief was dependent on, and incidental to, the relief sought against appellant, and no misconduct of this officer was alleged. See *Woolley v. Georgia Loan &c. Co.,* 102 Ga. 591 (29 SE 119); *Herrington v. Bryan,* 169 Ga. 382 (150 SE 555); *Pittman Constr. Co. v. Harper,* 180 Ga. 734 (180 SE 489); *Continental Carriers, Inc. v. Reese,* 203 Ga. 433 (46 SE2d 927).

It was error to deny the motion to dismiss the complaint for

424

lack of jurisdiction. No ruling is necessary on the question of whether there was basis for injunctive relief, since no relief could be granted in the case.

*Judgment reversed. All the Justices concur.*