27756. CARTER et al. v. GROGAN.

ARGUED FEBRUARY 14, 1973 — DECIDED MARCH 8, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., W. Hensell Harris, Jr., Assistant Attorneys General,* for appellants.

*J. M. Grubbs, Adele Platt,* for appellee.

MOBLEY, Chief Justice. This appeal is from the denial of a motion to dismiss a complaint, and from the grant of an interlocutory injunction.

Cecil Grogan brought the complaint in Cobb Superior Court against Jimmy Carter, Governor of Georgia and Commander in Chief of the Military and Air forces of the State; Joel B. Paris, III, Adjutant General of Georgia; Ben L. Patterson, Base Detachment Commander and Director of Operations of the Georgia Air National Guard Unit stationed at Dobbins Air Force Base in Cobb County; and William J. Mills, Chief of Supply for the unit.

It was alleged that: The defendants in their individual and official capacities are about to change the present constitution of the Air National Guard at Dobbins Air Force Base from a transport unit, which utilizes a 4-engine cargo type plane, commonly referred to as a C-124, to a tactical fighter unit which will utilize a jet fighter plane commonly referred to as an F-100. The characteristics of the F-100 are: a single jet engine; capable of supersonic speed; extremely noisy; obsolete, 15 to 20 years old; speed of 400 to 600 miles per hour, which is greatly in excess of the speeds of the aircraft generally flying in the metropolitan Atlanta area; safety experience very poor; and equipped with after burners causing loud explosions. The metropolitan Atlanta area, including Cobb County, is thickly populated and there is a high incident of commercial and private passenger travel, which is not compatible with the use of the F-100 planes. The placing of the tactical air wing at Dobbins, rather than at Travis Field in Savannah which has already been developed for a tactical air wing and has good geography for such a unit, is a gross abuse of discretion, and was contrived for the personal

convenience of generals and wing staff officers who do not want to fly to Savannah and back. The defendants have arbitrarily decided upon a course of action that immediately threatens the safety and well-being of the plaintiff and is clearly and manifestly an abuse of their powers. The plaintiff is a chiropractor and conducts his practice at a stated address in Cobb County on property owned by him. For stated reasons he will be specially damaged, and there is no provision of law for compensation for his anticipated damages. The acts of the defendants constitute a nuisance and the defendants should be restrained and enjoined from creating and maintaining a nuisance. The acts of the defendants are illegal, unconstitutional, and void, and deprive the plaintiff of the equal protection of the law. There is no military necessity to authorize the arbitrary, capricious, and gross abuse of discretion sought to be exercised illegally, unlawfully, and unconstitutionally by the defendants.

The prayers were that the defendants be restrained and enjoined from performing any acts to establish the F-100 tactical supersonic jet aircraft at Dobbins Air Force Base; that they be restrained and enjoined from harming and hurting the plaintiff in the manner alleged, both temporarily and permanently; and for further relief.

The defendants filed a motion to dismiss the complaint on the grounds that (1) it did not state a claim; (2) the relief prayed consists of setting aside a discretionary political decision of the Governor and the Adjutant General, which the courts are not authorized to adjudicate; and (3) the Superior Court of Cobb County has no jurisdiction of the case because it is an equitable action which must be brought in the county wherein a defendant resides against whom substantial relief is prayed, and William J. Mills, the only defendant who is a resident of Cobb County, is not a defendant against whom substantial relief could be granted.

The trial judge denied the motion to dismiss. He restrained the defendant Mills from receiving, servicing,

or maintaining any F-100 planes for the unit of the Air National Guard stationed at Dobbins Air Force Base, for 60 days.

"Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, Art. VI, Sec. XIV, Par. III (Code Ann. § 2-4903).

Colonel William J. Mills, the only defendant who is a resident of Cobb County, holds the position of chief of supply in the unit of the Georgia Air National Guard at the Dobbins Base. At the hearing he testified that: He is responsible for supplies used for the repair of aircraft and for fuel used in the aircraft. He is responsible to the Air National Guard, but he conducts his supply functions in accordance with the Air Force Manuals that all Air National Guard chiefs of supply must follow. He has no authority to determine the type of aircraft that is placed at the Dobbins Base, had no part in the decision to convert to F-100 planes, and will have no control over the operation of the planes when they arrive at Dobbins.

The plaintiff asserts jurisdiction of the action in Cobb County under the Constitution, Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904), which provides: "Suits against . . . joint trespassers, residing in different counties may be tried in either county." He relies on decisions of this court which hold that a petition seeking injunctive relief against joint trespassers may be brought in the county of the residence of either, even though the resident trespasser may be acting only under the command or authority of nonresident defendants in the commission of the trespasses. See *Baker v. Davis,* 127 Ga. 649 (1) (57 SE 62); *Hoch v. Candler,* 190 Ga. 390 (1) (9 SE2d 622); *Baggett v. Linder,* 208 Ga. 590 (2) (68 SE2d 469); *Bennett v. Bagwell & Stewart,* 214 Ga. 115 (103 SE2d 561); *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (2) (175 SE2d 847).

All of these cases are based on the proposition that the agent has participated with the principal in committing

a positive wrong against a third person, and both are liable to such third person as principals. See *Sellers v. Page,* 127 Ga. 633, 637 (56 SE 1011). In the present case Colonel Mills has committed no wrong against the plaintiff, and jurisdiction could not be obtained in the county of his residence to enjoin an alleged threatened nuisance which will arise by reason of the decision of nonresident defendants.

"The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties." *Fowler v. Southern Airlines,* 192 Ga. 845, 851 (16 SE2d 897); *First Nat. Bank of Atlanta v. Holderness,* 189 Ga. 819, 823 (7 SE2d 682).

In *Railroad Commission v. Palmer Hardware Co.,* 124 Ga. 633 (53 SE 193), an equitable petition was brought against the Railroad Commission and certain railroad companies, in a county where one of the railroad companies had its main office, but in which county none of the railroad commissioners resided. Certain rate regulations of the commission were claimed to be discriminatory, and it was alleged that the railroad companies would obey the regulations and charge the discriminatory rates. This court held that the real controversy was as to the rate regulations promulgated by the commissioners, and the court of the residence of one of the railroads would not have jurisdiction to grant injunction.

In *Youmans v. Steele,* 217 Ga. 747, 749 (125 SE2d 215), a petition was filed seeking declaratory and injunctive relief against the State Board of Examiners in Optometry and the Joint Secretary of the State Examining Boards. Jurisdiction was predicated upon the residence of the Joint Secretary. It was held: "It is apparent that the Joint Secretary's only relationship to the controversy set out in the petition is simply as agent of the board. The

substantial controversy exists solely between the plaintiffs and the State Board of Examiners in Optometry for the State of Georgia composed of the named defendants as members of the board. It follows that, since the only substantial relief sought is against the nonresident defendants, and that the sole resident defendant individually has no connection with the alleged cause of action, and no act or claim by him is involved except as agent of the other defendants, the suit is subject to dismissal for want of jurisdiction." See also, *Herrington v. Bryan,* 169 Ga. 382 (150 SE 555); *Continental Carriers v. Reese,* 203 Ga. 433 (46 SE2d 927); *Empire Land Co. v. Stokes,* 212 Ga. 707, 710 (95 SE2d 283).

The gist of the plaintiff's case is that the Governor of Georgia, in the performance of his duties under Code Ann. § 86-308 (Ga. L. 1955, pp. 10, 28), has grossly abused his discretion, to the plaintiff's special injury. The injunctive relief sought against Colonel Mills is merely incidental to the main relief sought, the setting aside of the decision of the Governor to establish a tactical fighter unit at Dobbins Air Force Base. Colonel Mills did not participate in the decision which brought about the litigation, and he has no discretion in performing his duties. The incidental injunctive relief against him which is sought in the complaint would not give jurisdiction of the action in the Superior Court of Cobb County.

Since the Superior Court of Cobb County had no jurisdiction of the case, the trial judge erred in denying the motion to dismiss, and in granting injunctive relief.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs specially.*

JORDAN, Justice, concurring specially. I concur in the judgment of reversal but on a different basis.

In my opinion the trial court did not err in denying the motion to dismiss based on the jurisdiction of Cobb Superior Court. The court did err however, in granting the relief prayed since the evidence did not demand a

finding that the defendant Governor and Adjutant General abused their discretionary powers as to the decision made by them and sought to be set aside by the plaintiffs.