IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

# JULY TERM, 1871.

PRESENT—O. A. LOCHRANE, CHIEF JUSTICE.
H. K. McCAY,    } JUDGES.
HIRAM WARNER,

### JAMES T. ELLIS et al., plaintiffs in error, vs. G. B. LAMAR et al., defendants in error.

Where A filed his bill in equity against B. and L., in which he alleged that B., as the agent of L., had sold to him certain guano, which was worth-less, and fraud in the sale by the partner, and there was a demurrer to the bill for want of jurisdiction, on the ground that L., who was the owner of the guano, resided in a different county, and also for want of equity, and the Court sustained the demurrer:

*Held*, That the Court did not commit error in sustaining the demurrer under the facts in this bill, upon both the grounds. Equity will not entertain jurisdiction over the principal, by linking him with his agent or commission merchant, upon general allegations of fraud, or interest of commissions by such agent, out of the county of the residence of such principal.

Equity jurisdiction. Before Judge GREEN. Spalding Superior Court. February Term, 1871.

In their bill, filed in Spalding Superior Court, James T. Ellis, Richard H. Sims and Thomas G. Brooks, averred that in 1866 they bought of S. R. Brewer, of said county, as

agent of G. B. Lamar, of Chatham county, $273 00 worth of a fertilizer represented by Brewer as Baker Island guano, for fertilizing their wheat lands, and paid Brewer that sum therefor; that Brewer represented it as good for such purpose, and thus induced the purchase, when he knew it was not; it proved to be utterly worthless; they lost what they paid for it, and $50 00 in expense of testing its value by use; Brewer was interested in said sale to the extent of his commission, say $20 00; Brewer has Lamar's assets sufficient to cover this loss and damage, and they do not know whether Lamar is solvent. They prayed that Brewer be enjoined from putting said assets out of his possession, and for a decree against Lamar for said loss and damage.

This bill was demurred to because there was no jurisdiction over Lamar in said county under said allegations, because the remedy at law was complete, and for want of equity. The demurrer was sustained and the bill was dismissed. That is assigned as error.

DOYAL & NUNNALLY, for plaintiff in error.

PEEPLES & STEWART, for defendant.

LOCHRANE, Chief Justice.

This was a demurrer filed to a bill brought against a commission merchant who sold guano for his principal, who lived in a different county in this State. The bill was filed in Spalding county, the residence of the commission merchant, and the Court sustained the demurrer, holding that the Court had not jurisdiction under the facts and law of the case.

We are of opinion the Court held properly. Equity will not entertain jurisdiction over a principal out of the county of his residence, by linking him with the party who acted as his commission merchant, upon general allegations of fraud and interest by commissions on sales of the property consigned, and we affirm the judgment.

Judgment affirmed.