## Millbank *vs.* Penniman *et al.*

1. A bill alleged, in brief, that "The Proprietors of the City of Brunswick" were the owners of certain lots, which were sold by the United States marshal under a *fi. fa.*, and purchased by complainant; that the *fi. fa.* and deed were voluminous, covering from 75 to 100 pages of writing, and were not, therefore, copied as exhibits, but they were recorded in the county of the litigation, in a certain book and pages specified, to which reference was prayed; and it was offered to tender the originals in court at such times and in such places as the chancellor desired; that, prior to the marshal's sale, one Susan Armstrong had purchased from the Proprietors two lots named, under a forfeit contract; that she paid a small part of the purchase money, but incurred a forfeiture as to the balance before the purchase by complainant; that, owing to her age and poverty, she was permitted to remain in possession, first under the Proprietors, and then under complainant, until her death; that one Armstrong, a non-resident, through one Penniman, of Glynn county, retained possession, claiming to be the heir of Susan Armstrong; that complainant brought ejectment against the tenant in possession; that Armstrong and Penniman have been receiving the rents and profits, and permitting the place to fall into bad repair, so that, upon a recovery in ejectment, the property would be depreciated in value, and a judgment for *mesne* profits would be worthless, Armstrong being non-resident, and both he and Penniman insolvent. The contract of Susan Armstrong and the record of the ejectment suit were exhibited to the bill; the prayer was for injunction, receiver, accounting for rents, etc. :

*Held* 1st, that there is equity in the bill, and it prayed for appropriate relief; and in the absence of rebutting evidence, the injunction and receiver should have been granted. 56 *Ga.*, 139.

2. There was no want of certainty or fullness in the allegations and statements of the bill and its exhibits.

(z.) The reference and tender as to the voluminous levy and mar-shal's deed was a substantial compliance with the fourth rule in equity. The case should not have been disposed of on demurrer until the excuse of the complaint for failing to exhibit this paper had been passed upon and adjudged insufficient, and an oppor-tunity given for supplying it. 71 *Ga.*, 296.

3. There was no misjoinder of parties or causes of action; the defend-ants were joint wrong-doers; each one of them contributed to the wrong complained of; and it did not follow, even if the objection had been well founded, that the relief prayed should not be given against such of them as were properly joined.

4. It being alleged that, after the temporary restraining order had been granted, and pending the application for injunction, the ten-ant in possession had vacated the premises and another had taken charge, an amendment, making him a party defendant, should have been allowed.

5. There was jurisdiction of this bill in the county where the land lay on which the trespass was being committed.

(a.) In such a case, the participants are, in the eyes of the law, all principals, and the relief prayed against each and all is substan-tial.

Judgment reversed.

April 15, 1884

HALL, Justice.