## TOWNSEND et al. v. BRINSON.

1. While joint trespassers residing in different counties may all be sued in one action in the county where any one of them resides, it is not permissible in such a suit to ask equitable relief against a trespasser who is a non-resident of the county in which the suit is pending, when there is no substantial equitable relief prayed against any of the resident defendants. Especially is this true in a case where the equitable relief sought is of such a character that if the suit had been brought in the county of the residence of the person against whom it is sought, the other trespassers would have been merely nominal parties to the proceeding, even if necessary parties at all.

2. The uniting in one suit of a cause of action for a trespass against four persons, three residents and one a non-resident of the county in which the suit is brought, and an equitable cause of action against the non-resident, in which the resident defendants are not substantially concerned, is such a defect as can be taken advantage of by all the defendants on a joint demurrer raising the objection that the court has no jurisdiction to decree the equitable relief sought against the non-resident.

3. The issuance and levy of a distress warrant, when no counter-affidavit or other proceeding is filed to arrest its progress, is not a "pending proceeding" within the meaning of the Civil Code, § 4950.

Argued November 25, 1902. Rehearing January 21, — Decided March 17, 1903.

Equitable petition.    Before Judge Spence.    Decatur superior court.    May 20, 1902.

*Townsend & Westmoreland*, by *James K. Hines*, for plaintiffs in error.    *R. R. Terrell* and *Albert H. Russell*, contra.

COBB, J.    On December 18, 1899, Mrs. Eliza Brinson brought a petition in the superior court of Decatur county against Townsend, Autrey, and J. W. Brinson, all residing in that county, and Chason, a resident of Thomas county, alleging in substance as follows:    Plaintiff bought from one Knight a described parcel of land and gave him her notes for the purchase-money.    Chason became the purchaser of the notes, and afterwards he and Knight induced plaintiff to convey her then home to them as security for the payment of the notes; the consideration in the deed being stated to be $225, which was less than one half the value of the land. Plaintiff went into possession of the premises purchased from Knight, under a bond for titles made by him.    She has been in possession ever since the purchase, and has made valuable improvements on the land.    She has fully paid to Chason the amount due on the notes given by her to Knight, and Chason refuses to deliver the notes or make any account of the credits, the items of payment being set forth.    Townsend, an attorney at law, representing Chason, swore out, in Decatur county a distress warrant in favor of Chason against J. W. Brinson, and placed the same in the hands of Autrey, a deputy sheriff, who made a levy upon sundry articles of farm products which were not the property of J. W. Brinson but were the property of plaintiff; and Townsend, Autrey, and Chason had reason to know this fact, and also that the relation of landlord and tenant did not exist between plaintiff and Chason or between him and Brinson.    It is alleged that Chason and Brinson colluded together to defraud plaintiff out of her home, and that the levy of the distress warrant was made knowingly, wilfully, and collusively and at the sole instigation of Chason.    The prayers of the petition were, that the proceedings under the distress warrant be enjoined, that the deputy sheriff be required to produce the distress warrant that it might be cancelled, that the plaintiff recover of all the defendants the sum of $1,000 damages, and for general relief.    On May 14, 1900, which was at the first term, the defendants filed a demurrer, setting up that the petition set forth no

cause of action; that the plaintiff had an adequate remedy at law; and that the principal defendant in the case (Chason), and the only one against whom substantial equitable relief was prayed, was, according to the allegations of the petition, a non-resident of the county in which the suit was brought, and therefore the court had no jurisdiction to decree or adjudge any equitable relief against him.　This demurrer came on to be heard on November 14, 1900, and was overruled, and to this ruling the defendants excepted pendente lite.　The case went to trial and resulted in a verdict in favor of the plaintiff.　The case is here upon a bill of exceptions complaining of the overruling of the demurrer and of the refusal to grant the defendants a new trial.　The only ground of the demurrer which was insisted on in this court is the one which sets up that the superior court of Decatur county had no jurisdiction to decree any equitable relief against Chason, who was a resident of Thomas county.　It is contended that this ground of the demurrer was properly overruled, because the demurrer was joint, and that as the petition set forth a cause of action against all .the defendants so far as the trespass alleged was concerned, it was not bad as a whole, and that part of the petition which prayed for relief against Chason alone was not open to attack by all the defendants.

Even if the petition set forth a cause of action against all the defendants as joint trespassers, it also contained a claim for equitable relief against the non-resident defendant; and of course the non-resident defendant would have a right to set up that he did not desire this claim for equitable relief, in which the other defendants were not concerned, to become involved in the litigation between the plaintiff and his alleged joint trespassers.　On the other hand, the defendants who resided in Decatur county, and who were interested solely in the claim for damages on account of the alleged trespass, had a right to object to a controversy between the plaintiff and Chason being interjected into the suit.　It was therefore not improper for all the defendants to make the point in a joint demurrer that it was not within the power of the court to decree substantial equitable relief against Chason in a suit brought to recover damages from all the defendants as joint trespassers.　If the suing out of the distress warrant and the proceedings thereunder amounted to a trespass, Chason, Townsend, and the deputy sheriff were all joint trespassers, and for this wrong could, at the option

of. the plaintiff, have been jointly sued in any county in which one of them resided. Chason being the plaintiff in the distress warrant, and therefore the only person who was really and substantially interested in the prosecution of this writ, if it was being prosecuted in such a way that Mrs. Brinson would have a right to appeal to a court of equity to enjoin the warrant from proceeding and cancel the same, a suit in equity brought for this purpose would have to be brought in the county in which Chason resided, for the simple reason that the only substantial equitable relief sought in such case would be that which was sought against Chason; his attorney at law who caused the warrant to be issued and the officer who was proceeding to execute it having no substantial interest in the matter, and being merely nominal parties to the equitable proceeding, if they were made parties at all. It is manifest, therefore, that if the petition set forth a cause of action at all; it set forth two separate and distinct causes of action, one legal and the other equitable; one which might be brought in Decatur county and the other which could not have been properly brought elsewhere than in Thomas county. It was certainly the right of all the defendants in such a proceeding to unite in saying to the court by way of demurrer, "We will not further proceed in the matter; for, admitting that there is a legal cause of action set forth in the petition against all of us, we all jointly object to this cause of action so long as the equitable cause of action, of which the court has no jurisdiction, is a component part of the petition; and therefore, unless the plaintiff will by amendment strike the equitable cause of action, we ask that the whole case be dismissed." Such, we think, is the effect of the demurrer filed in the case, and the defendants were entitled to a dismissal upon demurrer unless the alleged equitable cause of action was eliminated from the petition.

Chason could properly have been sued in Decatur county as a joint trespasser with the other defendants, but jurisdiction to entertain this common-law suit against the residents of Decatur county and a resident of Thomas county would not draw to it the right to entertain jurisdiction of a claim for equitable relief against the non-resident, in which no other defendant was at all interested. The ruling made in the case of *Vizard* v. *Moody*, 115 *Ga.* 491, which was followed in the case of *Etowah Milling Company* v. *Crenshaw*, 116 *Ga.* 406, seems to us to be conclusive on this point. In *Mer-*

*chants' Bank* v. *Davis,* 3 *Ga.* .112, it was held that where an execution owned by persons residing in one county was levied upon land in another county, and a claim interposed there, the superior court of that county had jurisdiction in equity over the plaintiff, in consequence of the pendency of the claim.  In *Mays* v. *Taylor,* 7 *Ga.* 238, it was held that where the plaintiff in execution resides in one county, and directs a levy to be made on personal property of the defendant who resides in a different county, and the levy is accordingly made by the sheriff of that county, the fact of such levy, without more, is not sufficient to give a court of equity jurisdiction of the person of the plaintiff, and compel him to litigate his rights in the county where the levy is made.  The case of *Merchants' Bank* v. *Davis,* was referred to and distinguished, it being pointed out that there was a distinction between a pending suit and the mere levy of an execution.  Such was the status of the law at the time the first code was adopted, and the Civil Code, § 4950, which embodies the law as it was in the first code, recognizes the distinction made in *Mays* v. *Taylor*.  That section provides : " All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending : *Provided,* no relief is prayed as to matters not included in such litigation." In *Clark* v. *Beall,* 39 *Ga.* 533, it was distinctly laid down, that the exception referred to in the law just quoted applies where there is a *pending suit.*  To the same effect is *Beall* v. *Rust,* 68 *Ga.* 777.  In *Rounsaville* v. *Mc-Ginnis,* 93 *Ga.* 579, it was distinctly ruled, in a decision concurred in by a full bench, that the levy of an execution, or other ministerial act to effect a sale, is not "a pending proceeding" within the meaning of the section of the code above quoted.  In that case it was shown that the cases of *Wright* v. *Railroad Co.,* 64 *Ga.* 783, and *Mayo* v. *Renfroe,* 66 *Ga.* 408, were decided upon their peculiar facts. In *Woolley* v. *Loan Co.,* 102 *Ga.* 591, a decision concurred in by six Justices, it was held that a dispossessory warrant, which was proceeding to oust the defendant from the possession of land, was not "a pending proceeding" within the meaning of the law above referred to.  See also *Dade Coal Co.* v. *Anderson,* 103 *Ga.* 809.

In *Macon Navigation Co.* v. *Stallings,* 110 *Ga.* 352, a decision

made by a full bench, it was held that neither the levy of an execution issued upon the foreclosure of a lien on personalty, nor the fact that the levying officer, after disregarding a counter-affidavit filed by the defendant in execution and selling the property levied on, is about to put the purchaser in possession, constitutes a " pending proceeding," to stay which a petition will lie in the superior court of a county in which no defendant against whom substantial relief is prayed resides.     One against whom another is entitled to ask substantial equitable relief has a right under the constitution to demand that this equitable relief be sought in the county where he resides, if he is the only person against whom such relief is to be sought in that proceeding.     He may waive this right, if he sees proper to do so ; and if he proceeds by suit, either at law or in equity, against another in the county of the latter's residence, he waives the right, so far as all matters connected with the claim that he then sets up are concerned, to require that the defendant shall proceed against him in his own county.     Merely going into another county for the purpose of asserting a right will not amount to a waiver, but going into another county and commencing the prosecution of a suit in any court of that county will give to a court of. equity of that county jurisdiction of all matters connected with the suit thus brought.     One who goes into a court of the county of another's residence to assert a claim or set up an equity must be content to allow the courts of that county having jurisdiction to determine any matter of defense or counterclaim growing out of the original suit, which the defendant sees fit to set up by way of cross-action in the court in which the suit is brought or by petition in equity, if the court in which the suit is brought, has no equity jurisdiction.     *Dawson* v. *Equitable Mortgage Co.*, 109 *Ga.* 392, and cases cited.     Chason having sued out, in Decatur county, a warrant against Mrs. Brinson's tenant, causing the same to be levied upon her property in that county would not, under the rules above referred to, constitute such a pending proceeding as would amount to a waiver by Chason of his right to demand that any equitable relief prayed against him growing out of the levy of this warrant should be in a suit brought in the county of his residence.     More especially would the rule be applicable in the present case, because the warrant was not sued out against Mrs. Brinson, but against her tenant, and even the pendency of a

*suit* against him would certainly not give Mrs. Brinson the right to proceed against the non-resident plaintiff in that suit in the county of her residence to have adjudicated any claims which she might have against him arising out of the suit thus brought against her tenant.

The only decision of this court which seems to lay down a rule contrary to the one announced in the cases above cited is that of *Markham* v. *Huff*, 72 *Ga.* 874, where it was ruled, in effect, that the foreclosure of a mortgage on personalty and causing execution to be issued constituted such a pending proceeding as would give the superior court of the county of the residence of the defendant in execution jurisdiction to entertain at his instance a bill against the non-resident plaintiff, setting up an equitable claim growing out of the issuance and levy of the mortgage execution. From an examination of the opinion of Mr. Justice Blandford it will be seen that he treated the foreclosure of the mortgage as a suit, but in this view we do not concur. We do not think that the mere foreclosure of a lien on personalty and the levy of an execution issued thereon is, without more, any more to be treated as a suit than the issuance and levy of a distress warrant or the suing out of a dispossessory warrant. Of course, if the defendant files an affidavit and the papers have been returned to court for trial on the issue thus made, this would constitute a pending proceeding or suit. See Civil Code, §§ 2753, 2756, 2765 et seq. The case might be distinguished, therefore, on the idea that the proceeding then being dealt with was treated as a pending suit. But in addition to this, it appears that Mr. Justice Hall, while concurring in the judgment, did not agree with all that was said by Mr. Justice Blandford, but based his judgment on the special facts of the case, and Mr. Chief Justice Jackson dissented on this point as well as on the other grounds upon which the decision was founded, placing his dissent on this point upon the ground that the effect of the judgment was to require the mortgagee to litigate with the mortgagor in the county of the latter's residence in reference to matters which, under the law and the constitution, could be tried only in the county of the mortgagee's residence. This case has never been followed, and has been cited only three times. In *Leyden* v. *Hickman*, 75 *Ga.* 684, where the case just referred to was cited, a suit was brought to enjoin an action of ejectment, which was clearly "a pending suit."

It was also cited, in order to be distinguished, in *Johnson* v. *Griffin*, 80 *Ga.* 551, where an effort was made by a plaintiff in ejectment to engraft an equitable amendment upon his declaration.     In *Dawson* v. *Equitable Mortgage Co.*, 109 *Ga.* 392, it was cited in a case where an equitable petition was filed ancillary to a pending claim case.     It is apparent, therefore, that the case of *Markham* v. *Huff* is not to be regarded as binding authority on the point now under discussion.               *Judgment reversed.     By five Justices.*