## McCLELLAN & CO. *v.* AMERICAN TIE & TIMBER CO. *et al.*

Where a suit for injunction and damages against a corporation and its agent is instituted in the county of the residence of the agent, and jurisdiction as to the agent is relied upon as forming a basis for jurisdiction of the corporation, and it appears from the allegations of the petition that they are insufficient to constitute a cause of action against the agent, the court is without jurisdiction as to the corporation, and it is not error to dismiss the petition on appropriate demurrer.

NOVEMBER 18, 1910.

Equitable petition. Before Judge Parker. Pierce superior court. November 15, 1909.

D. T. McClellan & Company instituted an action against the American Tie & Timber Company and R. R. Hobbs, who was alleged to be the agent of the defendant company. The suit was filed in Pierce county, where it was alleged Hobbs resided. The American Tie & Timber Company was alleged to be a corporation, with an office, place of business, and agency in Glynn county. There was no allegation that the corporation had an office or place of business in Pierce county, though it was alleged that both of the defendants were engaged, by their agents, servants, confederates, and employees, in cutting and felling pine trees on certain described land in Pierce county, converting them into cross-ties and using them for other purposes. The prayers of the petition were to enjoin the cutting and felling of the trees, and for such damages as might be shown on the trial, and for general relief. According to the allegations, the plaintiffs based their right to the relief sought upon an alleged executory contract which had been entered into between them and the American Tie & Timber Company, but did not allege whether the contract was in writing or in parol. Concerning the contract and the manner in which it was entered into, it was alleged, that the plaintiffs ascertained that the timber in question could be purchased at one dollar per acre, and thereupon they began negotiations with the American Tie & Timber Company and "per-

fected a contract" whereby that company agreed to furnish the money to purchase the timber, to take the legal title in its name, and so hold it as collateral security until plaintiffs should repay the money with interest at eight per cent. per annum, the plaintiffs in the meantime to manufacture cross-ties from the timber at the rate of two to three thousand per month, and to sell them to the corporation at a price which was one cent per tie less than the market price, until the debt incurred by the corporation's having advanced the purchase-price of the timber had been paid; that under this agreement the corporation purchased the timber and held the legal title to it; and that preparatory to performing their part of the contract the plaintiffs spent much time in the negotiations for the timber and in negotiating with the corporation, and spent large sums of money making preparations to cut the timber; but that after the purchase, by the corporation, in manner above stated, it refused to carry out the contract, denied the existence of the same, claimed that the plaintiffs had no interest in the property, and proceeded, through Hobbs and other agents, to cut and manufacture the timber into cross-ties, and otherwise to convert it to its own use. At the appearance term the court dismissed the petition on demurrer, and the plaintiffs excepted.

*Lankford & Dickerson,* for plaintiffs. *Bennet, Twitty & Reese* and *R. G. Mitchell Jr.,* for defendants.

ATKINSON, J. If the venue was improperly laid in Pierce county, and it so appeared from the allegations of the petition, the court was without jurisdiction, and the judgment dismissing the suit on appropriate demurrer was proper. It affirmatively appears from the allegations that the residence of the American Tie & Timber Company was in Glynn county, and that of the defendant Hobbs was in Pierce county; and the fact that Hobbs was suable in the latter county was relied upon to give jurisdiction also against the American Tie & Timber Company, which was alleged to be a joint wrong-doer. Hobbs was alleged to be an agent of the American Tie & Timber Company; and if he participated in wrongfully taking the timber, ordinarily a suit to prevent the injury might be brought in the county of his residence against him and his principal jointly. *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62). But in order to maintain a suit against either of them it would be essential that the plaintiff show an interest in the timber. Inas-

much as the venue was laid in the county of the residence of Hobbs, and reliance for jurisdiction as to the American Tie & Timber Company is made to depend upon jurisdiction as to Hobbs, it is essential that there be a cause of action against Hobbs; otherwise he would be a mere nominal party, and a suit against him would not draw into the jurisdiction of the superior court of Pierce county the American Tie & Timber Company from a different county. The relief sought was injunction, damages, and other relief. There was no allegation of title in the plaintiffs. It is not alleged that they had any interest in the timber other than such as might result from the alleged executory contract between themselves and the American Tie & Timber Company. There was no way for the plaintiffs to reach Hobbs except through this contract. Hobbs was a stranger to it, and as to him the plaintiffs alleged no such interest in the timber as would support an action for injunction or damages It was alleged that the American Tie & Timber Company paid the purchase-money and took the legal title only as security for a debt. Ordinarily, where an owner of land conveys it by a security deed he retains such interest as would authorize him to maintain a suit against a stranger for injury to it. *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89). But the allegations of the petition do not make such a case; for it appears that the plaintiffs have never been owners of the legal title. Hobbs could reply to the plaintiffs that the paramount title was outstanding. It thus appears that for the want of title in plaintiffs there was no cause of action alleged against Hobbs; and consequently he was no such party as that jurisdiction of him would draw the American Tie & Timber Company from another county into the case.

*Judgment affirmed. All the Justices concur.*