### Toland *v.* Camp.

HILL, J. Where it appears from the face of an equitable petition that, it does not pray for substantial relief against any party litigant who is a resident of the county in which the suit is brought, the superior court of the county where such petition is filed is without jurisdiction of the case, and it is error for the trial judge to overrule a demurrer filed thereto on that ground. *Orr Shoe Co.* v. *Kimbrough,* 99 Ga. 143 (25 S. E. 204); *Fleetwood* v. *Dees,* 80 *Ga.* 729 (7 S. E. 102). See *Hamilton* v. *DuPre,* 111 *Ga.* 819 (35 S. E. 684).

*Judgment reversed. All the Justices concur.*
JUNE 13, 1912.

Equitable petition. Before Judge Edwards. Polk superior court. June 20, 1911.

The only party named as a defendant residing in the county where the suit was brought was Mrs. Crumbly. The relief prayed was, that two deeds be declared forged and fraudulent, that they be canceled as a cloud on the plaintiff's title, in so far as they purported to convey any interest in lot 250, and that the plaintiff be decreed to have the true title to the entire mineral interest in that lot. One of these deeds appeared to be from John C. Merritt to Thomas W. Mitchell; it was dated October 27, 1900, and recorded November 9, 1901. The other was from Thomas W. Mitchell to Paul Toland, dated January 1, 1902, and recorded January 17, 1907. Each of them purported to convey with general warranty of title all the mineral interests and mining rights in a number of land lots, including 250. The petition alleged: that W. M. Hutchings owned and possessed this lot from some time before the year 1858 until his death, which occurred prior to 1878; that his two children (his only heirs) took the title by inheritance and went into possession of the lot, and one of the two, on September 10, 1878, conveyed to the other (Mrs. Ann Camp) his half

interest, by deed recorded; that on June 16, 1897, Mrs. Ann Camp conveyed with warranty to John C. Merritt a half interest in the iron and manganese ore on the lot, with mining privileges; that on August 8, 1903, Mrs. Ann 'Camp conveyed by warranty deed to the plaintiff the fee in the lot, except the half mineral interest she had already conveyed; that John C. Merritt died prior to November, 1905, and soon thereafter his widow died, their only heirs being Mrs. Crumbly and John P. Merritt, who (there being no administration and no necessity for any) took possession of the interest owned by John C. Merritt, and on November 6, 1905, they conveyed to the plaintiff the half interest in the iron and manganese ore in the lot, with "warranty of title limited as against themselves and their lawful heirs only;" and that the plaintiff went into and remained in open, adverse possession of the lot under the conveyances to him. All the deeds mentioned were recorded. Among several grounds of demurrer was the one mentioned in the headnote.

*W. H. Terrell,* for plaintiff in error. Mrs. Crumbly not a necessary or proper party defendant: *Kenan* v. *Miller,* 2 *Ga.* 389; *Beall* v. *Blake,* 16 *Ga.* 119; *Smith* v. *Pate,* 51 *Ga.* 246; *Bailie* v. *McWhorter,* 56 *Ga.* 183; *Blaisdell* v. *Mitchell,* 68 *Ga.* 61; and see *Railroad Com.* v. *Palmer Co.,* 124 *Ga.* 633.

*Bunn & Bunn,* contra. Any necessary party defendant to an action to cancel a deed is a party against whom substantial relief is prayed; and the heirs of John C. Merritt are interested either for or against the cancellation: *Palmer* v. *Inman,* 122 *Ga.* 226; *Paulk* v. *Ensign-Oskamp Co.,* 123 *Ga.* 467; *Jackson* v. *Jackson,* 127 *Ga.* 183; *Pierce* v. *Middle Ga. Land &c. Co.,* 131 *Ga.* 99; *Emmett* v. *Dekle,* 132 *Ga.* 593; *Kehr* v. *Floyd,* 132 *Ga.* 626.