## JONES MERCANTILE CO. v. SMITH.
### No. 5859.

Circuit Court of Appeals, Fifth Circuit.
Oct. 29, 1930.

Rehearing Denied Dec. 5, 1930.

E. Clem Powers, of Atlanta, Ga. (Jones, Evins, Powers & Jones, of Atlanta, Ga., and

E. M. McCanless, of Canton, Ga., on the brief), for appellant.

Mac Asbill, of Atlanta, Ga. (Watkins, Asbill & Watkins, of Atlanta, Ga., on the brief), for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee was the lessee of a hotel owned by appellant in Canton, Ga., and, after notice declaring a breach of the lease because of complaint about the manner in which the hotel was being operated, was dispossessed through a proceeding before a justice of the peace under the law of Georgia. Park's Ann. Code of Georgia, § 5385 et seq. Appellee brought suit for damages for alleged violation of the lease by appellant and recovered judgment for $5,610. By demurrer and motion to direct a verdict appellant raised the defense of res adjudicata, based on the proceeding before the justice of the peace. Error is assigned to the various adverse rulings of the District Court on this question.

The above-cited sections of the Georgia Code permit a landlord to file an affidavit before a justice of the peace setting up that the tenant is holding beyond his term and has refused to vacate after notice. On this a warrant issues demanding possession. If the tenant desires to contest the proceeding, he may file a declaration under oath alleging that his lease or term has not expired, upon giving bond to the landlord, conditioned for the payment of such sum with costs as may be recovered against him on the trial of the case. If the tenant files the said affidavit, nothing further is done by the justice of the peace, but the proceedings are returned to the next superior court of the county wherein the property lies, and the facts in issue are there tried by a special jury. If no contest is made by the tenant, he is dispossessed.

Appellee alleged that he was unable to give the necessary bond and was forced to acquiesce in the proceedings. The Supreme Court of Georgia has held that by not contesting before the justice of the peace the tenant gives up under protest, the proceeding does not amount to a pending case, no issues are decided, and it is not a bar to a subsequent suit for damages. Crusselle v. Pugh, 71 Ga. 744; Smith v. Eubanks & Hill, 72 Ga. 280; Townsend v. Brinson, 117 Ga. 375, 43 S. E. 748.

It was not error to overrule the demurrer and the motion for a directed verdict. Other assignments of error are without merit and need not be discussed.

The record presents no reversible error. Affirmed.