BEACHAM *v.* CULLENS *et al.*

No. 14292.   OCTOBER, 14, 1942.

*E. L. Stephens,* for plaintiff.

GRICE, Justice. The question is not whether C. K. Beacham, the Laurens County defendant, was a proper or necessary party to the suit, but rather, did the petition seek substantial equitable relief against him? That he may properly have been made a party does not determine the other inquiry. It is a question as to proper venue, not proper parties. The requirement of the constitution of this State, art. 6, sec. 16, par. 3, is that "Equity cases shall be

tried in the county where a defendant resides against whom substantial relief is prayed." Code, § 2-4303. A non-resident can not be made to litigate in one county issues between him and a plaintiff solely on account of the joinder of a resident defendant against whom there is a prayer for equitable relief. *Fowler* v. *Southern Airlines Inc.*, 192 *Ga.* 845, 851 (16 S. E. 2d, 897). An equitable petition against two defendants residing in different counties in this State, brought in the county of the residence of one of them, where it is apparent that the only substantial relief sought is against the non-resident defendant, is subject to dismissal for want of jurisdiction. *Grace* v. *Interstate Bond Co.*, 193 *Ga.* 810 (20 S. E. 2d, 131). If relief be sought against the resident defendant, which is merely collateral or incidental, this will not suffice to give the court jurisdiction. The relief prayed for against him must be substantial. For 'instances where the rule has been applied, see, besides those referred to in the case last cited, *Ellis* v. *Farmer,* 119 *Ga.* 238 (46 S. E. 105), and cit.; *Martin* v. *Gaissert,* 134 *Ga.* 34 (67 S. E. 536), and cit.; *Willie* v. *Willie,* 154 *Ga.* 688 (115 S. E. 257).

In the instant case there is no specific prayer relating to C. K. Beacham, except one for process. Such relief as is prayed against him is embraced within the prayer that the verdict, judgment, execution, and bond be declared null and void as to the petitioner, and that they be canceled. The only person who could attempt to use the fi. fa. against her is Cullens, the non-resident defendant. Beacham is doing nothing to harm her, and is not in position to do so. The judgment is against him, and against her as his surety. He could never use it against her, although she could against him. Code, §§ 24-1406, 39-607. That she seeks cancellation of a judgment against him, which is also against her as surety, does not make it a case wherein she seeks affirmative relief as to him. The superior court of his county was without jurisdiction.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*