## BAGGETT *v.* LINDER *et al.*

HAWKINS, Justice. C. W. Baggett filed in the Superior Court of Candler County a petition, which alleged that four named employees of the State Department of Agriculture, two members of the Georgia State Patrol, a member of the Georgia Bureau of Investigation, and the Sheriff of Candler County, all of whom were named as defendants, were acting at the request and under the direction of Tom Linder, as Commissioner of Agriculture of the State of Georgia, who is also named as a defendant, and went to the plaintiff's place of business, known as the "Candler Livestock Market," and closed it by posting quarantine notices, which set out that the quarantine was due to the exposure of livestock on the premises to hog cholera, and to the failure of the owner to enforce the necessary measures required by the rules and regulations of the Department of Agriculture; but that the closing was in actuality for the purpose of compelling the plaintiff to take out a permit to operate his business under certain alleged unconstitutional statutes and unconstitutional and illegal regulations of the Department of Agriculture issued thereunder; and that the defendants were so acting pursuant to an agreement and conspiracy among them, and were threatening to continue their illegal action; and that the illegal closing of the plaintiff's place of business would cause the plaintiff irreparable damage. The petition alleged that these acts on the part of the defendants constituted a trespass, and prayed: "That a temporary restraining order be issued restraining and enjoining the defendants named herein, and each of them, and anyone acting for them, or either of them, or under the instructions or at the instance or behest of said defendants or either of them, from enforcing against petitioner the said Regulation 2 as hereinabove set out; from doing any act or thing to prevent, hinder or delay petitioner from removing the said sign and notices posted by defendants at petitioner's place of business; from doing any act or thing to hinder or prevent petitioner's customers from taking cattle, hogs and other livestock to and from petitioner's place of business; from doing any act or thing to impede, hinder, stop, or interfere with petitioner's reopening, carrying on and operating his said business"; and for both an interlocutory and a permanent injunction.

On the hearing of a motion filed by the defendant Linder, the evidence disclosed: that the resident defendant sheriff did, at the request of Linder and his agents, locate and bring the plaintiff to his office where these agents were, and accompanied them to the plaintiff's place of business to inspect his records, and accompanied these agents in calling upon certain customers of the plaintiff whose names were secured from the plaintiff's records; and that thereafter the sheriff, in company with two State patrolmen, went to the plaintiff's home and notified him that the other agents of the defendant Linder were at the plaintiff's place of business with "papers to close him down"; that the sheriff and the patrolmen left the plaintiff's home and went to his place of business, where, in the sheriff's presence, an agent of the defendant Linder handed the plaintiff a copy of a quarantine notice and said to him: "I have something here from Atlanta, that I have been asked to give you. Do you want us to put this on your building and force you to discontinue business, or will you sign for the permit?", and where agents of the defendant Linder, in the sheriff's presence, informed the plaintiff that he could not give bond, but would have to sign or be closed up, and where Linder's employees then nailed up the sign on the plaintiff's place of business, at which time Georgia State patrolmen and a member of the Georgia Bureau of Investigation came up to the sheriff and stated that they had received a radio call to report to him "in connection with enforcing Tom Linder's regulations against" the plaintiff. The motion as amended, filed by the defendant Linder, alleged that the court was without jurisdiction of the person of the defendant Linder, for the reason that no substantial relief was sought against the only resident defendant, the Sheriff of Candler County, and prayed that the "temporary restraining order heretofore granted be dissolved and the bill dismissed." After hearing evidence, the trial court entered an order and judgment sustaining this motion and dismissing the petition, to which judgment the plaintiff excepts. *Held*:

1. Whether the legislative acts and regulations of the Department of Agriculture, which are attacked by the plaintiff in his petition as being unconstitutional, are subject to the attacks made, is not a question presented by the present record for decision, the sole question here presented being whether the trial court properly dismissed the petition for lack of jurisdiction.

2. If the statutes and regulations attacked by the plaintiff's petition as being unconstitutional be void, as alleged, and the quarantine notice was posted and the plaintiff's place of business closed for the purpose alleged in the petition, then the acts of the defendants in going upon the plaintiff's premises and closing his place of business would constitute a trespass (*Juchter* v. *Boehm, Bendheim & Co.*, 67 *Ga.* 534; *Stewart* v. *Atlanta Beef Co.*, 93 *Ga.* 12, 18 S. E. 981; *Dennison Manufacturing Co.* v. *Wright*, 156 *Ga.* 789, 797, 120 S. E. 120); and while Article 6, Section 14, Paragraph 3 of the Constitution of 1945 (Code, Ann., § 2-4903) and Code § 3-202 require that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed, under Article 6, Section 14, Paragraph 4 (Code, Ann., § 2-4904), "Suits against . . joint trespassers, residing in different counties, may be tried in either county"; and where, as here, a petition for injunction,

brought in the county where one defendant resides, seeks relief against joint trespasses by all of the defendants, the court is not without jurisdiction, even though all except the one defendant are residents of other counties of the State. This is true, even though the resident defendant may have been acting only as agent of or under the command, direction, or authority of the other defendants in the commission of the trespasses. *Hoch* v. *Candler*, 190 *Ga.* 390, 391 (9 S. E. 2d, 622), and cases there cited. The cases relied on by the defendant in error are distinguishable because based on other rules not applicable here, as pointed out in *Hoch* v. *Candler*, 190 *Ga.* 390 (supra) and in *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62).

3. Whether the motion of the defendant Linder be considered as a motion under Code § 55-203 to dissolve a temporary restraining order previously granted, or as a motion to dismiss in the nature of a general demurrer to the jurisdiction, or as a plea to the jurisdiction, under the allegations of the petition and the evidence adduced upon the hearing of said motion the trial court erred in sustaining the same and in dismissing the plaintiff's petition.

*Judgment reversed. All the Justices concur.*

No. 17665. ARGUED NOVEMBER 13, 1951—DECIDED JANUARY 15, 1952.

*Arnall, Golden & Gregory, C. E. Gregory Jr.* and *Kirkland & Lane,* for plaintiff.

*Eugene Cook, Attorney-General, M. H. Blackshear Jr., Deputy Assistant Attorney-General, Lamar Sizemore, Assistant Attorney-General,* and *Robert E. Hicks,* for defendants.