SCREVEN COUNTY *v*. REDDY *et al.*

No. 17699. ARGUED JANUARY 14, 1952—DECIDED FEBRUARY 13, 1952.

*W. C. Hawkins*, for plaintiff.

*Hilton & Hilton, Curry & Curry* and *Pierce Bros.* for defendants.

ALMAND, Justice. This writ of error seeks the review of a judgment of the Superior Court of Screven County, dismissing an equitable petition on the ground that no substantial relief was prayed against the resident defendant. Screven County brought an equitable petition against Willie Reddy, a resident of that county, and Briar Creek Hunting and Fishing Club, a corporation created in Richmond County, with its office and place of business therein. The petition alleged: that the defendant corporation owned a large tract of land in Screven County adjacent to the confluence of Briar Creek and the Savannah River, with the exception of a landing tract of 5 acres more or less and a public road running through the club's property to the landing; that the public had enjoyed the use and benefit of the road and landing for more than 50 years, and, by reason of the public's long use of the road and landing tract without objections of the defendant corporation or its predecessors in title, the public has acquired a title by implied dedication to the road and the landing tract; that the defendant corporation claims title to the road and landing tract by virtue of a warranty deed dated December 18, 1941, and asserts the exclusive title and the right to the use and occupancy of the road and landing tract, which is in direct conflict with the rights of the county and the public, and that such corporation is now in possession of the landing tract and road; and that the defendant Reddy resides on this tract of land either as a renter, cropper, or caretaker of the

defendant, and in conjunction with the defendant corporation has conspired to obstruct and has obstructed the public road leading to the landing tract, by erecting a locked gate which prevents the general public from using the road. The prayers were for a judgment enjoining the defendants from obstructing the road, and for a decree of court vesting title in the plaintiff to the landing tract.

■ The petition does not assert that the defendant Reddy has any claim, right, title, or interest in the road or landing tract which the plaintiff claimed to have been impliedly dedicated for public use. The relief in this regard is prayed against the non-resident defendant corporation. This raises the following question: is this a case respecting title to land, which under the Constitution (Code, Ann., § 2-4902) must be brought in Screven County, notwithstanding the non-residence of the defendant corporation? Cases respecting title to land mean actions at law, such as ejectment, where the plaintiff relies on legal title to recover possession of land, and do not include actions by which the plaintiff seeks the aid of equity to perfect his title, the test being whether the plaintiff can recover on his title alone or whether he must ask the aid of a court of equity to render a decree in order for him to recover. *Owenby* v. *Stancil,* 190 *Ga.* 50 (1) (8 S. E. 2d, 7). Where a petition shows that the defendant has legal title to the land and seeks to set up a perfect equity in the plaintiff, and prays that the property be decreed to be that of the plaintiff, such action cannot be brought in the county where the land lies if the defendant be not a resident thereof. *Clayton* v. *Stetson,* 101 *Ga.* 634 (28 S. E. 983). The petition in the instant case asserts that the defendant corpora-tion claims title to the road and landing tract by virtue of a paper title. The plaintiff does not claim that it has title by virtue of a grant, deed, or judgment of condemnation, but claims that, by virtue of public use for a long period of time, the road and landing tract have been impliedly dedicated to the public, and that the owner has no right, by itself or through others, to exclude the public from the use and enjoyment of the road and landing tract.

Assuming without deciding that the facts alleged in the petition are sufficient to authorize the court to decree that the road and

landing tract have been dedicated by the owner to the public use, the action here is not one respecting title to land. On the question of implied dedication, see *Swift* v. *Mayor &c. of Lithonia,* 101 *Ga.* 706 (29 S. E. 12); *Georgia R. & Bkg. Co.* v. *City of Atlanta,* 118 *Ga.* 486 (45 S. E. 256); *Healey* v. *City of Atlanta,* 125 *Ga.* 736 (54 S. E. 749); *City of Atlanta* v. *Georgia R. & Bkg. Co.,* 148 *Ga.* 635 (98 S. E. 83).

■ The defendant corporation being a domestic corporation and a resident of Richmond County, the Superior Court of Screven County would have no jurisdiction to grant injunctive relief against it, if no substantial relief is prayed against the resident defendant. Code (Ann.), § 2-4903; *Cadwell* v. *Swift & Co.,* 174 *Ga.* 313 (162 S. E. 814). The question then is, does the petition pray for any substantial relief against Reddy, the only resident defendant? The plaintiff does not assert that Reddy has any claim, title, or interest in either the road or the landing tract. The main purpose of the action is to have the court decree that the road and landing tract have been dedicated to the public, as against the claim of the non-resident defendant. The only relief prayed against Reddy is that he be enjoined from obstructing the road or interfering with the use of the road by the public. The right to injunctive relief as against him would be dependent upon the grant of such relief against the non-resident principal. Whether Reddy has unlawfully blocked the road, or without legal right interfered with the public in using the road, is incidental to and dependent upon the plaintiff establishing its claim that the road is a public one by reason of its dedication by the non-resident owner. See *Martin* v. *Gaissert,* 134 *Ga.* 34 (2) (67 S. E. 536). The only claim against the defendant Reddy, who resided on the corporation's tract of land either as a renter, cropper, or caretaker, is that he has, in conjunction with the non-resident owner, conspired to obstruct and has obstructed the road by the maintenance of a gate thereon and by warning the public not to use the road. Linking the non-resident defendant with a resident agent on general allegations of conspiracy to obstruct the road is not sufficient to give jurisdiction over the non-resident defendant. See *Ellis* v. *Lamar,* 44 *Ga.* 9. See also *Townsend* v. *Brinson,* 117 *Ga.* 375 (43 S. E. 748); *Ellis* v. *Farmer,* 119 *Ga.* 238 (46 S. E. 105);

*Railroad Commission of Georgia* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (53 S. E. 193).

It appearing from the petition that it does not pray for any substantial legal or equitable relief against the defendant Reddy, a resident of Screven County, the court did not err in sustaining the joint general demurrer of the defendants and dismissing the petition. *Toland* v. *Camp,* 138 *Ga.* 334 (75 S. E. 138); *First National Bank of Atlanta* v. *Holderness,* 189 *Ga.* 819 (2) (7 S. E. 2d, 682). The ruling here is not in conflict with *Baker* v. *Davis,* 127 *Ga.* 649 (1, 2) (57 S. E. 62), or *Hoch* v. *Candler,* 190 *Ga.* 390 (1) (9 S. E. 2d, 622).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Atkinson, P. J., who concur specially, and Hawkins, J., who dissents from the ruling in division 2 of the opinion.*

DUCKWORTH, Chief Justice, concurring specially. I concur in the judgment of affirmance for the reason that the petition failed to show any dedication, and, therefore, failed to show any interest in the premises involved. I dissent from the ruling made in division 2 of the opinion upon the ground ruled in *Baggett* v. *Linder,* 208 *Ga.* 590 (58 S. E. 2d, 469). I am authorized to say that Mr. Presiding Justice Atkinson joins in this special concurrence.

HAWKINS, Justice, dissenting. I dissent from the ruling made in the 2nd division of the opinion for the reasons stated in *Baggett* v. *Linder,* 208 *Ga.* 590 (68 S. E. 2d, 469).