DOWDELL *et al. v.* CHERRY *et al.,* trustees.

CANDLER, Justice. The trial judge refused to dismiss this litigation on general demurrer and the exception is to that judgment. As amended, the petition in substance alleges: On March 13, 1945, certain realty in Sumter County was conveyed to the defendants as trustees. They and their successors in office, according to the provisions of the deed, were to hold the premises for the exclusive use and benefit of the Daniel Grove Missionary Baptist Church. The defendants were expelled from membership at a regular conference of the church on the second Saturday in August, 1949, and, at the same conference, the plaintiffs were duly elected by the church to succeed them as trustees of its property. Subsequently to their explusion and since the election of the plaintiffs as successor trustees, the defendants have repeatedly trespassed upon and exercised various acts of control over the property of the church and used it for purposes other and different from those arranged by the church; and, by such wrongful acts, they have deprived and are now depriving the members of the church of their right to use it exclusively for church purposes. The petition contains a prayer for an injunction to prevent a continuation of such unlawful interference. The petition as amended was demurred to generally. *Held:* While courts are reluctant to interfere in questions affecting the internal affairs of a religious organization, nevertheless, where property has been conveyed in trust for the use and benefit of a church, a court of equity will assume jurisdiction for the purpose of preventing a diversion of the trust. Code, § 22-408; *Bates* v. *Houston,* 66 *Ga.* 198, 202; *Tucker* v. *Paulk,* 148 *Ga.* 228 (1a) (96 S. E. 339); *Gibson* v. *Singleton,* 149 *Ga.* 502 (1) (101 S. E. 178); *Chatfield* v. *Dennington,* 206 *Ga.* 762 (58 S. E. 2d, 842), and citations. In the instant case the allegations of the amended petition show a wrongful, continuing interference with a right to the exclusive use and benefit of property. This being so, it alleges a cause of action for equitable relief; any unlawful interference with a property right is a trespass, and it is well settled in this jurisdiction that equity will enjoin a continuing trespass. *Roughton* v. *Thiele Kaolin Co.,* 209 *Ga.* 577 (74 S. E. 2d, 844), and citations. Accordingly, the petition as amended stated a cause of action for equitable relief by injunction, and the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18188. SUBMITTED APRIL 13, 1953—DECIDED MAY 11, 1953—REHEARING DENIED JUNE 11, 1953.

*Claude N. Morris,* for plaintiffs in error.

*J. Frank Myers* and *H. B. Williams,* contra.