19743.   HEATH *et al. v.* BUTLER, Deacon, *et al.*

Argued June 10, 1957—Decided July 3, 1957.

*Wm. Malcolm Towson, R. M. Daley,* for plaintiffs in error.
*E. L. Stephens, Jr., Beverly B. Hayes,* contra.

HEAD, Justice. ■ In the present case the allegations and prayers seeking a recovery of damages failed to show any right in the petitioners to recover. If the New Hope Baptist Church is an incorporated church or religious society within the provisions of Chapter 22-4 of the Code, an action for the recovery of damages to the church property should be brought in the corporate name of the society. *Jones* v. *Watson,* 63 *Ga.* 679. A religious society that is not incorporated can not sue or be sued as such. *Mutual Life Ins. Co. of N. Y.* v. *Inman Park Presbyterian Church,* 111 *Ga.* 677 (36 S. E. 880); *Kelsey* v. *Jackson,* 123 *Ga.* 113 (50 S. E. 951). The members suing do not allege that they constitute a majority of the church membership, and do not show any authority to represent the church as such. A minority of a church membership can not act for the church. Code § 22-406; *Walker* v. *Ful-Kalb, Inc.,* 181 *Ga.* 563, 572 (183 S. E. 776). The petition therefore failed to state a cause of action for the recovery of damages.

■ Injunction may not be substituted for a complaint for land. It is an appropriate remedy, however, to prevent an alleged trespasser in the wrongful possession of a building erected for church purposes from diverting it to private use. The interest of the petitioners as members of the alleged church is sufficient to support the prayers for injunctive relief. Harris v. *Bandy,* 182 *Ga.* 844 (187 S. E. 99); *New Mission Baptist Church* v. *City of Atlanta,* 200 *Ga.* 518, 526 (5) (37 S. E. 2d 377); *Dowdell* v. *Cherry,* 209 *Ga.* 849 (76 S. E. 2d 499). The petition having stated a cause of action for some of the relief sought, it was not error to overrule the demurrers.

*Judgment affirmed. All the Justices concur.*