19974. BENNETT *et al. v.* BAGWELL & STEWART, INC., *et al.*

CANDLER, Justice. The plaintiffs in error brought an action for injunctive relief in the Superior Court of Forsyth County against Bagwell & Stewart, Inc., Leland Bagwell, and Robert Gibson, as joint tortfeasors. The petition in substance alleges that the defendants are, in a populous rural community of Forsyth County, maintaining and operating what is commonly referred to as a rendering plant; that it is a continuing nuisance resulting directly from the improper manner in which it is maintained and operated by them; and that the plaintiffs personally and their property are being specially injured and damaged by it. General demurrers were interposed to the petition by all of the defendants, and to the judgments overruling them there are no exceptions. The defendants Bagwell & Stewart, Inc. and Leland Bagwell filed pleas to the jurisdiction of the court, in which they averred that the Superior Court of Forsyth County was without jurisdiction to grant the relief sought against them, since the legal residence of each was in Cherokee County, and that the facts alleged in the petition are insufficient to state a cause of action for any of the relief sought against the resident defendant Gibson, an employee of the defendant corporation with no control over the manner and way its plant is maintained and operated. The issues made by the special pleas were tried on a written stipulation, which shows the following facts: The corporate defendant's main office and legal residence is in Cherokee County, Georgia, where its books and records are kept. It is sole owner of the rendering plant, in Forsyth County, the maintenance and operation of which is the subject matter of this litigation. Leland Bagwell is also a resident of Cherokee County. He is president, general manager, treasurer, and sole owner of the corporate stock in Bagwell & Stewart, Inc. He spends from 25 to 30 hours per week at the corporation's plant in Forsyth County, supervising, directing, and controlling its maintenance and operation. The defendant Gibson is a resident of Forsyth County, and is an employee of the defendant corporation. He is the corporate defendant's main foreman at its rendering plant in Forsyth County, has three sub-foremen working under him, and gives all orders and directions for work to be done at

the plant during the absence of the defendant Bagwell. He has authority to hire and fire employees at the plant, subject to the defendant Bagwell's approval. The plant is operated continuously, both day and night, and he is subject to call at all times when his presence at the plant is needed. On this stipulation the parties respectively moved for a verdict, and the court directed one in favor of the defendants on their special pleas and dismissed the case as to all of the defendants. The plaintiffs, in due time, moved for a judgment notwithstanding such verdict, and the exception is to a judgment denying their motion. *Held:*

That the facts alleged in the petition are sufficient to show the existence of a continuing nuisance specially injurious in specified particulars to the plaintiffs personally and to their property, was settled by the unexcepted-to rulings on the defendants' general demurrers; as to that question, those rulings fixed the law of the case and it is well settled in this jurisdiction that a nuisance is a trespass (*Cox* v. *Strickland*, 120 *Ga.* 104, 47 S. E. 912, 1 Ann. Cas. 870), and that a court of equity will enjoin a continuing trespass. *Hornsby* v. *Smith*, 191 *Ga.* 491 (13 S. E. 2d 20, 133 A. L. R. 684) ; *Poultryland, Inc.* v. *Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785) ; *Roughton* v. *Thiele Kaolin Co.*, 209 *Ga.* 577 (74 S. E. 2d 844) ; *Dowdell* v. *Cherry,* 209 *Ga.* 849 (76 S. E. 2d 499). Under art. 6, sec. 14, par. 4 of the Constitution (Code, Ann., § 2-4904), "suits against joint . . . trespassers, residing in different counties, may be tried in either county." Therefore, even though art. 6, sec. 14, par. 3 of the Constitution (Code, Ann., § 2-4903), requires that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed" (see also Code § 3-202), where a petition for injunction, brought in the county where one defendant resides, seeks to restrain a continuing trespass which all of the defendants are committing, the court is not without jurisdiction to grant such relief, even though all except the one defendant are residents of other counties in this State. And this is true, even though the resident defendant, as an employee or agent of a nonresident defendant, may have been acting only under his command or authority in the commission of the trespass. As authority for this ruling, see *Sellers* v. *Page*, 127 *Ga.* 633 (56 S. E. 1011), where it was said at page 637: "In such case if one, upon employment of another, commit a positive wrong against a third person, as to such third person the law of

principal and agent does not apply, but both are liable to him as principals. If all of the conditions existed as hereinbefore recited, they were such as to constitute all of the defendants joint wrongdoers, engaged in an enterprise to commit the injury of which the plaintiff complained." For other cases which hold that injunctive relief may be obtained against several joint tortfeasors residing in different counties of this State where the suit is brought for substantial relief against all of them in the county where only one resides, see *Baggett* v. *Linder*, 208 *Ga.* 590 (68 S. E. 2d 469); *Hoch* v. *Candler*, 190 *Ga.* 390 (9 S. E. 2d 622); *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62); *McPhaul* v. *Fletcher*, 111 *Ga.* 878 (36 S. E. 938); and *Millbank* v. *Penniman*, 73 *Ga.* 136. Applying this principle of law to the allegations of the petition and the stipulated facts, a verdict for the plaintiffs was demanded on the issue of jurisdiction as raised by the defendants' special pleas. Hence, the court erred in refusing to grant the plaintiffs' motion for a judgment notwithstanding the verdict. Direction is therefore given that the trial judge, on receipt of the remittitur from this court, vacate the verdict which he directed on the special pleas; that he enter judgment on them in favor of the plaintiffs; and that he also vacate and set aside the order dismissing the plaintiffs' case.

*Judgment reversed with direction. All the Justices concur, except Wyatt, P. J., who dissents.*

SUBMITTED JANUARY 15, 1958—DECIDED APRIL 11, 1958—
REHEARING DENIED MAY 7, 1958.

*R. F. Schuder, Wheeler, Robinson & Thurmond, A. C. Wheeler, Emory F. Robinson,* for plaintiffs in error.

*Leon Boling, H. G. Vandiviere, H. L. Buffington,* contra.

WYATT, Presiding Justice, dissenting. · For reasons hereinafter stated, I can not agree with the opinion of the majority in this case. This case was tried upon a stipulation as to the facts. It was stipulated that Bagwell & Stewart, Inc., was a resident of Cherokee County, having its main office and legal residence in said county; that Leland H. Bagwell was the president, general manager, and treasurer of the corporation, and owned all its stock, and that he was a resident of Cherokee County; that the corporation operates the rendering plant in question in

Forsyth County; that the books and records of Bagwell & Stewart, Inc., with the exception of time cards and delivery tickets, are kept at the main office in Cherokee County; that the time cards and delivery tickets made at the plant are transmitted to the office of the corporation in Cherokee County; that Leland H. Bagwell spends an average of 25 to 30 hours per week at the plant in Forsyth County supervising, directing, and controlling the operation of said plant.

In so far as the activities of Robert Gibson, the only defendant who is a resident of Forsyth County, are concerned, the stipulation of facts reads as follows: "That Robert Gibson is the main foreman in the operation of said plant in Forsyth County, and that he has three sub-foremen working under him at times when he is not at the plant, and that he gives the orders and directions for the work done at the plant when Mr. Leland H. Bagwell is absent, all being under the general direction and supervision of the said Leland H. Bagwell. That Robert Gibson hires and fires employees at the plant, subject to the approval of Leland H. Bagwell, and at times does hire and put to work employees without previous consultation with said Bagwell, but all such hiring is subject to the ratification of Leland H. Bagwell.

"Par. 3. That Robert H. Gibson lives in Forsyth County, Georgia, and is subject to call in the operation of said plant for 24 hours in the day; that when anything goes wrong with the plant he is subject to call day or night, and is some times called three or four times in one night. Robert Gibson also performs manual labor in and about the plant as and when required. That in the Forsyth County News, a newspaper published at Cumming, Forsyth County, Georgia, Thursday, October 10th, 1957, there appeared the following advertisement:

'Wanted—Good maintenance mechanic for rendering plant. Apply North Georgia Rendering Company, or Robert Gibson, Ph. 5035, Cumming, Georgia or L. H. Bagwell, Ph. Canton, Georgia, 9-3353.'

"Said advertisement was placed in the Forsyth County news by Leland H. Bagwell, by and for Bagwell & Stewart."

The Constitution of the State of Georgia, art. 6, sec. 14, par. 3 (Code, Ann., § 2-4903) provides: "Equity cases shall be tried in the county where a defendant resides against whom sub-

stantial relief is prayed." The instant case, being one in equity, must come within the terms of this provision if the courts of Forsyth County are to have jurisdiction. "Under the Constitution, art. 6, sec. 16, par. 3 (Code, § 2-4303) equity cases must be brought in the county wherein resides a defendant against whom substantial relief is prayed. This means substantial equitable relief." *Fowler* v. *Southern Airlines,* 192 *Ga.* 845 (2) (16 S. E. 2d 897).

"The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties." *Fowler* v. *Southern Airlines,* supra, p. 851.

"Chason could properly have been sued in Decatur county as a joint trespasser with the other defendants, but jurisdiction to entertain this common-law suit against the residents of Decatur county and a resident of Thomas county would not draw to it the right to entertain jurisdiction of a claim for equitable relief against the nonresident, in which no other defendant was at all interested." *Townsend* v. *Brinson,* 117 *Ga.* 375 (43 S. E. 748).

"An equitable petition against two defendants residing in different counties in this State, brought in the county of the residence of one of them, where it is apparent that the only substantial relief sought is against the nonresident defendant, is subject to dismissal for want of jurisdiction. [Citing cases.] If relief be sought against the resident defendant which is merely collateral or incidental, this will not suffice to give the court jurisdiction. The relief prayed for against him must be substantial." *Beacham* v. *Cullens,* 194 *Ga.* 739, 742 (22 S. E. 2d 508).

"An equitable petition against two defendants residing in this State, brought in the county where one of them resides, from which together with the prayers it is apparent that the only substantial relief sought is against the nonresident defendant, and that the sole resident defendant individually has no connection with the alleged cause of action, and no act or claim by him is involved except as agent of the other defendant, is subject to dismissal for want of jurisdiction." *Grace* v. *Interstate Bond Co.,* 193 *Ga.* 810 (1) (20 S. E. 2d 131). See also *McClellan &*

*Co.* v. *American Tie &c. Co.*, 135 *Ga.* 370 (69 S. E. 486). See also *Ellis* v. *Lamar*, 44 *Ga.* 9.

In the instant case, the only resident of the county in which the suit was brought, under the stipulation of facts, was nothing but an employee of the nonresident defendants. He owned no interest in the business, and all of his activities were subject to the direction of the nonresident defendants. He could be nothing but a nominal party. Complete relief could be obtained in the courts of the county of the nonresidents, who were the owners and operators of the business sought to be enjoined as a nuisance. It seems clear that the Superior Court of Forsyth County has no jurisdiction of this controversy.

Plaintiffs in error cite and rely upon *Baggett* v. *Linder*, 208 *Ga.* 590 (68 S. E. 2d 469). There this court was dealing with a trespass. Art. 6, sec. 14, par. 4 of the Georgia Constitution (Code, Ann., § 2-4904) expressly provides that suits against joint trespassers residing in different counties may be tried in either county. The instant case is not a trespass case, but is a suit to enjoin the operation of a business as a nuisance. Therefore, that case, as well as the other trespass cases cited, has no application to the case now under consideration. The plaintiffs in error quote language from some of the cases cited to the effect that "joint wrong doers" living in different counties may be sued in either county. An examination of the cases from which this language was taken discloses that in each case the court was dealing with a trespass.

It follows, the judgment under review ought to be affirmed, and I dissent from the judgment of reversal by the majority.